## RATCLIFF, GUARDIAN, v. DAVIS ET AL.

1. **Homestead of Insane Widow:** WAIVER OF RIGHT TO BY GUARD-
IAN: APPROPRIATION OF TO PAY COUNTY FOR MAINTENANCE. In this
case, the guardian of an insane widow sought to have his ward's dower
interest in her deceased husband's farm so admeasured as not to include
the homestead, the purpose being to subject such portion to the payment
of a debt to the county for expense incurred in her maintenance as an
insane person; but *held* that no one but the widow herself had the
power to waive the statutory provision that her distributive share should
be so set off as to include the homestead, and that the guardian could
not thus indirectly subject the homestead to the payment of a debt aris-
ing after the acquisition of the homestead.

*Appeal from Madison Circuit Court.*

THURSDAY, OCTOBER 9.

It appears from the petition in this case that Philena V.
Davis was the lawful wife, and is now the widow, of John
Davis, deceased, who died seized of a quarter section of land in

Madison county. Philena V. Davis is, and has been for a number of years, incurably insane, and has been kept in one of the state insane asylums, and in the county poor house of Madison county. The plaintiff, Ratliff, is her guardian, and he alleges that his said ward is indebted to Madison county in the sum of $1,054 for the expenses incurred in the main-tenance of said ward, which claim has been filed and approved by plaintiff. John Davis, deceased, made a will by which he disposed of his property, but in what manner does not appear. His executor and heirs and legatees are made defendants, two of whom are minors; and some of them are occupying the family homestead, which is part of the east half of said quarter section, and there is a mortgage on the west half of said land. The said Philena Davis has never released her dower or distributive share in said estate. It is prayed that the widow's share be set off and admeasured to her, so as not to include the homestead, and the plaintiff, for and in behalf of his said ward, waives the right to have said homestead included in her share. There was a demurrer to the petition, which was overruled, and defendants appeal.

*T. C. Gilpin*, for appellants.

*Vincent Wainwright*, for appellee.

ROTHROCK, CH. J.—It is not necessary to set out all of the grounds of the demurrer. One of them is to the effect that it is not within the power of the guardian to waive the home-stead rights of his ward. Mrs. Davis should be regarded as merely temporarily absent from her homestead. And, besides, it is questionable whether she should be regarded as absent. It appears from the petition that some of the children are occupying the homestead. But, even if she should never return to her family, her distributive share is required by law to be set off so as to include the homestead, "unless she pre-fers a different arrangement." Code, § 2441.

It is claimed by her guardian that, because she is incapable of making her wishes known, his preference shall be sub-

stituted for hers, and that he can waive the statutory provissions. We do not think he has any power to do so, because, as it appears to us, the right is a personal one, and, if not exercised for any reason, even though it be her incapacity to do so, no other person can act in that behalf in her stead.

It does not even appear from the averments of the petition, that it would be to her interest, or to the interest of her children, that the homestead should be waived. It seems that the object is to subject her share in the estate to the payment of a debt. The policy of our law is, that homesteads shall not be liable for debts contracted after the acquisition of the homestead, unless, upon contract expressly so providing. It seems to us that the guardian is seeking by this proceeding to appropriate the homestead to the payment of a debt against his ward. We think he ought not be permitted to do so.

REVERSED.