THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS OF THE STATE OF ILLINOIS *v.* GERTRUDE LOUISE SCHMAUSS *et al.*, Defendants, Cross-Petitioners, Appellees—(CHICAGO AND NORTH WESTERN RAILWAY COMPANY *et al.*, Defendants, Cross-Petitioners, Appellants.)

(No. 71-229;

Second District—July 14, 1972.

Welsh, Holmstrom, Hyzer, Jacobson & Worden, of Rockford, (Curtis Worden and Edward Warden, of counsel,) for appellants.

Reno, Zahm, Folgate & Skolrood, of Rockford, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The railroad appeals from an order which granted the proceeds of a condemnation award to the individual defendants, advancing four contentions: (1) its interest is tantamount to fee simple title because of its right to perpetual and exclusive possession; (2) as owner of the possessory interest in the land, it is entitled to all of the condemnation award; (3) condemnation does not operate as an "abandonment" of the use of the land; (4) it acquired fee simple title through an 1858 instrument.

By an order dated May 15, 1970, it was determined that the sum of $6,430 was just compensation for the taking by eminent domain of a tract of land on which the railroad's right of way was located. Neither the railroad nor the individual defendants question the amount of the award, but both claim to be entitled to the entire sum. The money was placed with the county treasurer pursuant to adjudication of the respective rights of the parties to this action.

The individual defendants are the various heirs of Leonard Schmouse and his wife who, on May 20, 1858, executed an instrument to the assignor of the railroad which, in pertinent part, recited:

"* * * do give, remise, release, convey and quit-claim to the * * * Railroad Company for the purpose of constructing a railroad thereon and for all uses and purposes connected with the construction and use of the said railroad the right of way use and occupancy for any and all purposes of the said railroad over and through the following described tract * * *."

The habendum of the deed further provided that the railroad and its assigns were to hold the land:

"* * * forever for any and all uses and purposes in any way connected with the construction preservation occupation and enjoyment of the said Railroad. Provided however that if said Railroad * * * shall at any time hereafter cease permanently to use said Railroad * * * and the same shall be abandoned * * * then * * * the said land hereby granted shall revert to the said party of the first part their heirs or assigns."

The trial court found that the estate granted to the railroad by this conveyance was an easement, that the fee was in the individual defendants, and that those individual defendants were entitled to the entire condemnation award.

■■ In forming its conclusion that the railroad had only an easement, the trial court relied on *In re Chicago and North Western Ry. Co.* (7th Cir. 1942), 127 F.2d 1001. In construing the present deed it is significant that the granting clause itself conveys "the right of way use and occupancy." A long line of Illinois decisions has held that under language conveying a right of way, with no clear grant of fee simple title, a railroad merely obtains an easement. (*C., C., C. & St. L. Ry. Co. v. Public Service Co.* (1942), 380 Ill. 130, *Tallman v. E. I. & P. R. R. Co.* (1942), 379 Ill. 441, *Branch v. Central Trust Co.* (1926), 320 Ill. 432.) We agree with the trial court that the deed of conveyance amounted to an easement.

■■■ We have found no Illinois authority directly on point in determining whether a railroad, through the taking by condemnation, will be deemed to have "abandoned" its use of the right of way. Other jurisdictions have held that the taking by eminent domain will not be deemed an abandonment of a present possessory freehold interest. (*Terminal Coal Co. v. United States* (3d Cir. 1949), 172 F.2d 113, 115-16, *State of Texas v. Harris County Houston Ship C. N. Dist.* (5th Cir. 1946), 158 F.2d 861, 864; *Woodville v. United States* (10th Cir. 1946), 152 F.2d 735, 737-738, *cert. denied,* 328 U.S. 842.) An analysis of Illinois law leads us to the same conclusion. In order to establish "abandonment," it is necessary to prove the *intention* to abandon use of the premises. (*Beloit*

*Foundry Co. v. Ryan* (1963), 28 Ill.2d 379, 390; *Abens v. Chicago Baltimore & Quincy R.R. Co.* (1944), 388 Ill. 261, 269-270; *Golconda Ry. v. Gulf Lines R.R. Co.* (1914), 265 Ill. 194, 206.) There is no dispute in the present case that the railroad was using its right of way at the time of condemnation, and there is no suggestion of any intent to cease such use. The railroad's relinquishment of its right of way to the power of eminent domain was involuntary and cannot be held to constitute an abandonment.

■■■ There remains the question of whether the railroad had a right to any or all of the condemnation award. The record does not clearly disclose the reason for the trial court's denial of compensation to the railroad; it only indicates the court's conclusion that the heirs, as the fee holders, were entitled to the award. It appears to us that, in its reliance on the case of *In re Chicago & North Western Ry. Co., supra,* the trial court assumed that, with the accomplishment of condemnation, the easement was extinguished and the only remaining interest was that of the fee. However, in the absence of abandonment by the railroad, if the condemnation destroyed the interest of the railroad, it would have had the same effect upon the interest of the heirs. (*Terminal Coal Co. v. United States, supra,* at 116.) The right to compensation in eminent domain became fixed on the day the petition for condemnation was filed. (*Ill. Cities Water Co. v. Mt. Vernon* (1957), 11 Ill.2d 547, 551; *City of Chicago v. Collin* (1922), 302 Ill. 270, 275.) On that day, the railroad had an easement in the property while the heirs had the underlying fee simple. An easement is a property right which demands remuneration for its taking. (*Village of Bradley v. New York Central R.R. Co.* (1921), 296 Ill. 383, 388; *City of Springfield v. Spring Ry. Co.* (1920), 295 Ill. 234, 240. See also: *Western Union Telegraph Co. v. Pennsylvania R.R. Co.* (1904), 195 U.S. 540, 570.) The railroad's right to exclusive and perpetual possession of its easement as long as it was used for railroad purposes was a substantial interest in the property taken. The decision of the trial court granting the entire condemnation award to the heirs failed to compensate the railroad for loss of its right of way use and occupancy, and it must, therefore, be reversed.

■■ Although we have decided that the railroad had a compensable interest in the property, it is not the function of this court to determine the value of the railroad's easement as against the value, if any, of the heirs' fee simple. Where there are multiple interests in property, the trier of fact must determine their respective values, and apportion the total condemnation award among them. (*Forest Preserve District v. Collins* (1932), 348 Ill. 477, 483; *Chicago, Baltimore & Quincy R.R. Co. v.*

*Reisch* (1910), 247 Ill. 350, 353; *City of Vandalia v. Tate* (1966), 66 Ill.App.2d 488, 491-492, see also: *Terminal Coal Co. v. United States, supra.*) For the reasons stated, we remand the case to the trial court for a consideration of the value of the respective interests of the parties, and an apportionment of the condemnation award.

Reversed and remanded.

ABRAHAMSON and GUILD, JJ., concur.