CARL McVEY, Plaintiff-Appellant, *v.* UNKNOWN SHAREHOLDERS OF INLAND COAL AND WASHING COMPANY *et al.*, Defendants-Appellees.

Fifth District    No. 80-588

Opinion filed September 22, 1981.

James W. Morris, of Barrett, Morris and Broom, of Carbondale, for appellant.

George M. Twomey, of Twomey & Hines, of Carbondale, for appellees.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Plaintiff Carl McVey appeals from an order entered November 6, 1980, dismissing a second amended complaint against the defendants Illinois Central Gulf Railroad Company (ICGR) and Central Illinois Public Service Company (CIPS). Plaintiff sued to quiet title to certain parcels of land located in Jackson County. The order dismissing the suit set forth various findings which plaintiff now challenges on appeal. We find each challenge well taken, and thus reverse and remand.

McVey's second amended complaint alleged ownership of two parcels of land through which a railroad track runs. The parcel referred to by the parties as parcel No. 2 was conveyed to plaintiff by Alex Yankevich in 1958. In the 1958 warranty deed, parcel No. 2 was fully described with this clause appended: "Except the railroad right-of-way as now surveyed over said land." Defendant ICGR acquired its interest in the disputed property in 1952 from Illinois Central Railroad (ICR), who obtained it 100 years earlier from grantor Jane Stephenson in an instrument entitled "Deed for Right-of-Way." CIPS, co-defendant, whose interest derives from the interest of ICGR, claims under the terms of an easement which it acquired from ICGR and which runs adjacent to the railroad's right-of-way.

On appeal, McVey characterizes the first issue as a construction of the grant of parcel No. 2 in his deed. The deed either excepts completely that strip of land over which the railroad right-of-way crosses (ICGR's position), or it includes the entire tract in fee, "subject to" the railroad's right-of-way over that strip (appellant's position). After examining the exhibits attached to the complaint, the trial court held that the deed from Yankevich to McVey conveyed no title or interest to the right-of-way strip through parcel No. 2. Crucial to our determination that the trial court erred in its holding is our construction of the deeds, attached as exhibits to the second amended complaint. This case is before the court only on the pleading issue, and we are not making any determination on the merits; however, since the trial court may have relied on the exhibits attached to

the complaint regarding the conveyances to the railroad in dismissing the complaint, it is necessary to point out that the language in these conveyances is not inconsistent with the position taken and pleaded by the plaintiff.

■■ The question whether a particular deed to a railroad company conveys a fee or an easement requires construction of the instrument to determine whether the granting clause conveys a designated strip or piece of land, or whether it refers to a right or privilege with respect to the described premises. (See *Spierling v. Ohl* (1908), 232 Ill. 581, 584-85, 83 N.E. 1068.) In those instances in which the deed to the railroad conveys a definite strip or parcel of land with no language in the deed relating to the use or purpose of the grant or no language limiting the estate conveyed, the deed will be construed to convey a fee simple title. However, if the deed refers to a right-of-way to the railroad, particularly in its granting clause, then the deed will invariably be construed to convey an easement rather than a fee. (*Walker v. Illinois Central R.R. Co.* (1905), 215 Ill. 610, 615, 74 N.E. 812; *Branch v. Central Trust Co.* (1926), 320 Ill. 432, 442, 151 N.E. 284; *Joseph v. Evans* (1929), 338 Ill. 11, 20, 170 N.E. 10.) Even when the deed purports to grant a strip, piece, or parcel of land, but contains additional language referring to a right-of-way, the courts have held that the deed conveyed a mere easement rather than a title in fee. (*Tallman v. Eastern Illinois & Peoria R.R. Co.* (1942), 379 Ill. 441, 451-52, 41 N.E.2d 537.) In *Tallman*, a deed entitled "Right-of-way Deed" which provided that the grantors "convey and warrant" to the railroad for its right-of-way a strip of land along a line "located across and upon" certain described real estate was held to convey a right-of-way or easement. (See also *Cleveland, Cincinnati, Chicago & St. Louis R.R. Co. v. Central Illinois Public Service Co.* (1942), 380 Ill. 130, 135, 43 N.E.2d 993.) Thus, even when other language in the document appears to create an estate in fee simple, the court generally takes the position that such provisions do not operate to transform the easement conveyed by the granting clause into an estate in fee. (*Tallman*, 379 Ill. 441, 453.) It is, therefore, well settled in Illinois under language conveying a right-of-way that the railroad takes merely an easement. (*Department of Public Works & Buildings v. Schmauss* (1972), 6 Ill. App. 3d 470, 472, 285 N.E.2d 628.) This position has been recently confirmed in *People ex rel. Carson v. Mateyka* (1978), 57 Ill. App. 3d 991, 996, 373 N.E.2d 471.

Turning to the 1852 deed from Stephenson to ICR, we note by the caption of the deed ("Deed for Right-of-way") that the grantor and the grantee contemplated a mere easement "over and through the following tract * * * for the purposes of constructing, maintaining and operating thereon a single or double track railroad." The deed speaks several more times of conveying a "right-of-way," and of such right-of-way being "over

and through" the premises described. We cannot ignore the plain meaning and intent evidenced by this language. The 1852 deed to ICR conveyed easement rights only. These rights, and nothing more, were subsequently transferred to ICGR.

■■ Reading the deed from Yankevich to appellant as compatible with our construction of the deed granting the railroad's easement over parcel No. 2, we must properly construe the language in appellant's deed to convey fee simple title to appellant, subject to the easement held by the railroad company across the tract. Our construction of the phrase "except railroad right-of-way as now surveyed over said land" not only accords with existing case law on the subject, it also conforms to the general use and purpose to which the land has been subjected over the past 130 years. We are not suggesting that the conveyance to the railroad indicates weakness in the railroad's title, and therefore, strength in appellant's title. We are only stating that for purposes of pleading, when considering all the exhibits attached to the subject complaint, the plaintiff has stated a cause of action.

ICGR quotes extensively from *Pfeffer v. Lebanon Land Development Corp.* (1977), 46 Ill. App. 3d 186, 360 N.E.2d 1115, where, in construing a deed from the plaintiff, we held that the phrase "excepting a strip of land of Lot 6 herein described as follows ° ° °" did in fact operate to withhold from the grantee any interest or title to that excepted portion. ICGR mistakenly relies on this holding as support for its position that the phrase in Yankevich's deed operates to prevent any interest or title to the right-of-way from passing to appellant. There is a critical distinction that should be drawn between the two deeds. In *Pfeffer*, the deed excepted a definite strip of land. It contained no references to right-of-way, easements, or right-of-way uses. In contrast, McVey's deed excepts a right-of-way. It specifically refers to the strip of property in terms denoting an easement over the land. The former deed designated a "strip of land" which was not conveyed to the grantee; the latter recognizes a "right-of-way" or servitude upon the land, and conveys that land with the burden attached. This distinction justifies a result opposite from that reached in *Pfeffer*.

■■ Appellant next challenges the court's third finding: that the legal description of parcel No. 3 was vague, indefinite, ambiguous, and failed to allege well-pleaded facts. McVey acquired his interest in parcel No. 3 from quitclaim deeds which described the parcel as 28 acres in the "east part of the southeast quarter of the southeast quarter of section 8." Appellant concedes that the portion of the description is somewhat vague but maintains that, for purposes of a complaint in equity to quiet title, the allegations are sufficient to comply with Illinois civil practice requirements. (Ill. Rev. Stat. 1979, ch. 110, par. 42(2).) Pleadings must be liberally

construed with a view to doing substantial justice between the parties. (*Dinn Oil Co. v. Hanover Insurance Co.* (1967), 87 Ill. App. 2d 206, 211, 230 N.E.2d 702.) Thus, a cause of action should not be dismissed on the pleadings unless it appears that no evidence could be adduced which would entitle the pleader to relief. *O'Fallon Development Co. v. City of O'Fallon* (1976), 43 Ill. App. 3d 348, 351, 356 N.E.2d 1293.

■■ Finally, in McVey's second amended complaint, he alleged that he owned parcel No. 2, except the railroad right-of-way over said land. He further alleged that he acquired title to the premises by the 1958 deed from Yankevich. The trial court found these allegations to be mere conclusions unsupported by well-pleaded facts. Of course, this finding hinged on the court's erroneous construction of the Yankevich deed. Because we rejected its construction and decided that the deed transferred a fee simple title subject to the railroad's easement, we also reject the trial court's finding that the allegations were conclusory. Allegations of ownership such as those set forth by appellant in paragraphs 1 and 2 of his complaint are factual allegations adequate to support his claim.

■■ In addition, the trial court concluded that because the allegations in appellant's complaint failed to plead ownership of the property, he lacked standing to bring a quiet title action. (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(b).) Both parties agree that the rule set forth in *Aebischer v. Zobrist* (1977), 56 Ill. App. 3d 151, 154, 371 N.E.2d 1003, should apply here (*i.e.*, a mere stranger to the title cannot complain about a cloud upon the title). Because McVey's pleadings were sufficient to allege ownership of the disputed property, he did in fact have standing to sue. Thus, the trial court's last finding is also erroneous.

The judgment of the circuit court of Jackson County is reversed, and this cause is remanded with instructions to reinstate the second amended complaint and for further proceedings not inconsistent with this opinion.

Reversed and remanded with instructions.

JONES and WELCH, JJ., concur.