# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Harris, N.A. v. Sauk Village Development, LLC*, 2012 IL App (1st) 120817

---

| | |
|---|---|
| Appellate Court Caption | HARRIS, N.A., Plaintiff, v. SAUK VILLAGE DEVELOPMENT, LLC, GREGORY STEC, GS MANAGEMENT, LLC, SEAMUS MORIARTY, KONSTANTINOS D. ANTONIOU, MARTINEZ FROGS, INC., RICARDO MARTINEZ, TEKNA CONSTRUCTION COMPANY, LLC, JAMES B. PLANEY, G & D EXCAVATING, INC., UNKNOWN OWNERS AND NONRECORD CLAIMANTS, Defendants (Chicago Title Land Trust Company, as Trustee u/t No. 9173, Third-Party Plaintiff-Appellant; Harris, N.A. and Sauk Village Development, LLC, Third-Party Defendants-Appellees). |
| District & No. | First District, Second Division<br>Docket No. 1-12-0817 |
| Filed | December 24, 2012 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from third-party plaintiff's erroneous conveyance of a 46-acre parcel to defendants to satisfy a contract for the sale of only 17.48 acres, the trial court's denial of third-party plaintiff's motion to reconsider the orders dismissing its complaint for slander of title and to quiet title and approving the judicial sale of the entire parcel to the purchaser's mortgagee was upheld, because third-party plaintiff no longer owned the property and lacked standing. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-49752; the Hon. Daniel Patrick Brennan and the Hon. Margaret Ann Brennan, Judges, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Schain, Burney, Banks & Kenny, Ltd., of Chicago (James R. Griffin and Michael R. Burney, of counsel), for appellant.

Crowley & Lamb, P.C., of Chicago (James M. Crowley, of counsel), for appellees.

Panel

PRESIDING JUSTICE HARRIS delivered the judgment of the court, with opinion.

Justices Quinn and Simon concurred in the judgment and opinion.

## OPINION

¶ 1    Third-party plaintiff, Chicago Title Land Trust Company (CTLT), appeals the judgment of the circuit court denying its motion filed pursuant to section 2-1203 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1203 (West 2008)), to reconsider and vacate orders dismissing the amended third-party complaint and approving the judicial sale. On appeal, CTLT contends the trial court erred in denying its motion to reconsider when it made a mistake in law by ruling that CTLT has no standing to file its amended complaint. For the reasons that follow, we affirm.

¶ 2                          JURISDICTION

¶ 3    The trial court entered a final judgment in the instant case on February 8, 2011, and plaintiff filed its notice of appeal on March 10, 2011. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                          BACKGROUND

¶ 5    On May 27, 2007, CTLT and Greg Stec (Stec) entered into a contract to purchase vacant land in Sauk Village, Illinois. CTLT owned approximately 46 acres of vacant land. The contract to purchase involved 16.64 acres of that land. At the same time, James Planey (Planey) and Stec entered into a contract with CTLT to purchase another parcel of approximately 0.8 acres. Stec subsequently assigned his interest in the contracts to Sauk Village Development (SVD).

¶ 6    The closing occurred on December 11, 2007. In connection with the closing, CTLT and SVD executed a closing statement which described the sale property as consisting of 16.64 acres. The deed executed and delivered by CTLT at the closing listed the property address as "16.64 acres at NEC of Torrence Avenue & Sauk Trail Road, Sauk Village, IL 60411." However, the legal description of the sale property contained in the deed described the entire

46 acres owned by CTLT. The deed was recorded with the Cook County recorder of deeds.

¶ 7 At the time of the closing, SVD also secured a loan on the property in the amount of $1,849,700 with Harris, N.A. (Harris). The mortgage on the loan contained only the legal description from the deed describing the entire 46 acres. SVD also entered into a construction loan agreement with Harris. This agreement described the land as 17.48 acres (16.64 acres plus approximately 0.8 acres), although the legal description again described the entire 46-acre parcel.

¶ 8 Some time after the mortgages were recorded, CTLT discovered the error. They made a request to SVD to correct the error by executing and delivering a quitclaim deed. By quitclaim deed SVD reconveyed approximately 29.49 acres of property to Planey as nominee for Sauk Village Venture, a beneficiary of CTLT. The quitclaim deed was recorded on May 14, 2009. The plat act affidavit filed by SVD in connection with the quitclaim deed stated that the conveyance was "made to correct descriptions in prior conveyances." The reconveyed property, however, was still subject to the Harris mortgage.

¶ 9 SVD subsequently defaulted on its loans. On February 15, 2009, Harris, SVD, and Stec entered into a forbearance agreement in which SVD and Stec acknowledged the defaults and affirmed the validity of the mortgage and note. On July 15, 2010, CTLT filed its first third-party complaint for reformation due to the error in the description of the property contained in the mortgage. Harris filed a motion to dismiss the complaint. In support of its motion, Harris argued that CTLT was no longer owner of the disputed 30 acres and lacked standing to bring the complaint. It also alleged that CTLT received the relief it requested when SVD executed the quitclaim deed. The trial court granted the motion to dismiss.

¶ 10 On January 21, 2011, CTLT filed an amended two-count complaint to quiet title and for slander of title. The complaint requested that the court quiet title to approximately 30 acres by releasing Harris' mortgage on that property, and sought compensatory and punitive damages for slander of title. Harris filed a motion to dismiss the amended complaint pursuant to section 2-619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2008)) on the quiet title count, alleging that CTLT does not have standing to bring the claim. Alternatively, Harris sought dismissal of the complaint pursuant to section 2-615 of the Code based on the slander of title count. The trial court granted Harris' section 2-619 motion to dismiss on April 12, 2011.[1]

¶ 11 Meanwhile, Harris filed motions for summary judgment, default, judgment of foreclosure and sale, and to appoint a selling officer. On February 2, 2011, the trial court granted Harris' summary judgment motion for default. On May 24, 2011, the trial court entered judgment of foreclosure and sale in favor of Harris. The judgment involved the entire 46-acre property described in the mortgage. Harris was the successful bidder at a judicial sale on September

---

[1]The record does not contain a report of the proceedings on the motion to dismiss, nor is there a bystander's report or agreed statement concerning the proceedings. CTLT, as the appellant, has the burden to present a complete record on appeal to support its claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Without a complete record, this court presumes that the trial court entered its order in conformity with the law and it had a sufficient factual basis. *Id.*

30, 2011, and the trial court confirmed the judicial sale on October 26, 2011.

¶ 12    On November 23, 2011, CTLT filed a motion to reconsider and vacate orders dismissing the amended third-party complaint and approving the judicial sale. In its motion, CTLT alleged that the trial court misapplied the law in dismissing its amended third-party complaint pursuant to section 2-619. The trial court denied the motion on February 28, 2012, finding no misapplication of the law in granting the motion to dismiss CTLT's amended complaint since CTLT did not own the disputed property and therefore lacked standing to assert a claim to quiet title and for slander of title. CTLT filed this timely appeal.

¶ 13                                                  ANALYSIS

¶ 14    CTLT contends that the trial court erred in denying its motion to reconsider because it misapplied the law in dismissing CTLT's amended third-party complaint. This court reviews a denial of a motion to reconsider based on the trial court's misapplication of the law *de novo*. *Muhammad v. Muhammad-Rahmah*, 363 Ill. App. 3d 407, 415 (2006). We also review dismissal of a complaint under either section 2-619 or 2-615 of the Code *de novo*. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009).

¶ 15    The trial court dismissed the complaint pursuant to section 2-619 because it determined that CTLT lacked standing to bring the claim. A section 2-619 motion for involuntary dismissal "admits the legal sufficiency of the plaintiff's complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim." *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 455 (2011). Lack of standing is an affirmative defense. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 494 (1988). Therefore, lack of standing is properly raised as an affirmative defense in a section 2-619 motion to dismiss. *Record-A-Hit, Inc. v. National Fire Insurance Co. of Hartford*, 377 Ill. App. 3d 642, 648 (2007). When a party moves to dismiss a complaint pursuant to section 2-619 based on lack of standing, all well-pled facts in the complaint are taken as true. *DeWoskin v. Loew's Chicago Cinema, Inc.*, 306 Ill. App. 3d 504, 513 (1999). Harris bears the burden to plead and prove CTLT's lack of standing. *Law Offices of Colleen M. McLaughlin v. First Star Financial Corp.*, 2011 IL App (1st) 101849, ¶ 16.

¶ 16    CTLT argues the trial court erred in dismissing its amended complaint because CTLT never intended to convey the approximately 30 acres of land at issue and is therefore still owner of that land. Furthermore, since CTLT never consented to the mortgage on the 30 acres, the mortgage should be removed as an encumbrance on CTLT's title. CTLT maintains that its action to quiet title is the appropriate remedy to remove a cloud on its title.

¶ 17    However, in order to maintain an action to quiet title one must hold title to the property. *La Salle National Bank v. Kissane*, 163 Ill. App. 3d 534, 540 (1987) (a party "cannot complain of a cloud of title absent proof of title in himself" (citing *Klingel v. Kehrer*, 81 Ill. App. 3d 431, 439 (1980))). CTLT argues that it still holds title to the 30 acres because the property was conveyed through an erroneous legal description contained in the deed. Although the deed described the entire 46 acres owned by CTLT, the front of the deed and the sales contract clearly showed an intent to transfer only approximately 17 acres. As support, CTLT cites *David v. Schiltz*, 415 Ill. 545 (1953), and *Korsgaard v. Elliott*, 17 Ill.

-4-

App. 3d 1061 (1974), in which the court allowed reformation of the erroneous deeds to reflect the actual intention of the parties.

¶ 18    *David* and *Korsgaard* are distinguishable. The plaintiffs seeking deed reformation in *David* and *Korsgaard* remained owners of the property in question. Thus, the issues of ownership and title did not arise in those cases. In the case at bar, CTLT had title to the disputed 30 acres when it executed the erroneous deed to SVD. It subsequently discovered the error but it did not file an action to reform the deed as occurred in *David* and *Korsgaard*. Instead, CTLT made a request to SVD to correct the error by executing and delivering a quitclaim deed. In its amended complaint and response to Harris' motion to dismiss, CTLT stated that SVD reconveyed by quitclaim deed approximately 29.49 acres of property to Planey as nominee for Sauk Village Venture, a beneficiary of CTLT. The plat act affidavit filed by SVD in connection with the quitclaim deed stated that the conveyance was "made to correct descriptions in prior conveyances." It appears CTLT and SVD attempted to correct the error through reconveyance of the 30 acres by quitclaim deed to Planey. Without title to the property in question, CTLT lacks standing to file an action to quiet title. *Bennett v. Chicago Title & Trust Co.*, 404 Ill. App. 3d 1088, 1100 (2010).

¶ 19    CTLT contends, however, that the trial court should not have dismissed its amended complaint because CTLT alleged sufficient facts to demonstrate standing, and on a section 2-619 motion to dismiss, all well-pled facts in the complaint are taken as true. CTLT argues its allegation that it owns the 30 acres at issue sufficiently demonstrates standing because facts show it never intended to convey the property to SVD. As support, CTLT cites *McVey v. Unknown Shareholders of Inland Coal & Washing Co.*, 100 Ill. App. 3d 584 (1981). In *McVey*, the plaintiff brought suit to quiet title alleging that he owned the property in question through title acquired by a 1958 deed. *Id*. at 585. The trial court held that the deed did not convey title or interest in the property to the plaintiff. *Id*. The appellate court, however, determined that the language of the deed could be construed to convey a fee simple title to the plaintiff subject to an easement held by a railroad company. *Id*. at 586-87. Therefore, the plaintiff's allegation that he owned the property by way of the deed was sufficient to show standing to bring his suit. *Id*. at 588.

¶ 20    *McVey* is distinguishable. The plaintiff in *McVey* held a deed to the property in question and the issue was whether the deed conveyed title in that property. Here, CTLT concludes in its amended complaint that it still owns the property in question. However, CTLT alleged facts contradicting that conclusion. It stated that SVD executed and delivered a quitclaim deed for the 30 acres to Planey, at CTLT's request, "to correct descriptions in prior conveyances." There is no allegation that this conveyance was erroneous or fraudulent. In reviewing a motion to dismiss, this court does not consider conclusions unsupported by specific factual allegations. *Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois University*, 248 Ill. App. 3d 599, 606 (1993). We find that CTLT does not have title to the property in question, and the trial court properly dismissed its complaint to quiet title for lack of standing.

¶ 21    Due to our disposition of this issue, we need not consider CTLT's alternative claim that the trial court erred in dismissing its amended complaint pursuant to section 2-615 because the complaint alleged the necessary facts to maintain an action for slander of title.

-5-

¶ 22    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 23    Affirmed.