2022 IL App (1st) 220836-U

THIRD DIVISION
December 2, 2022

No. 1-22-0836

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MIROSLAV MARKOVIC, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| | ) | Cook County |
| v. | ) | |
| | ) | |
| JOSEPH R. MARCONI, 4022 NORTH AVERS LLC, | ) | |
| SAMUEL MARCONI, LISA BANFORD, and BRIAN | ) | No. 21 L 7951 |
| DOWNING. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Joseph R. Marconi and 4022 North Avers LLC, | ) | Daniel J. Kubasiak, |
| | ) | Judge Presiding. |
| Defendants-Appellees). | ) | |

JUSTICE REYES delivered the judgment of the court.
Justices Gordon and Burke concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Affirming the judgment of the circuit court of Cook County dismissing a
complaint with prejudice where the incomplete record on appeal precludes
effective appellate review.

¶ 2     Plaintiff Miroslav Markovic filed a complaint in the circuit court of Cook County against

defendants Joseph R. Marconi, 4022 North Avers LLC (Avers LLC), Samuel Marconi, Lisa

Banford, and Brian Downing.  The circuit court dismissed the complaint with prejudice pursuant

to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2020)) and subsequently denied plaintiff's motion for reconsideration. In this *pro se* appeal, plaintiff challenges the dismissal of his complaint. For the reasons discussed herein, we affirm.

¶ 3                                    BACKGROUND

¶ 4      Avers LLC owns a 6-unit apartment building at 4022 North Avers Avenue in Chicago (the property). The property previously was owned by plaintiff; Avers LLC purchased the property in a foreclosure sale in late 2019. The circuit court in the foreclosure action issued an order authorizing plaintiff's eviction from the property.

¶ 5                      *The Underlying Litigation – 20 CH 6764*

¶ 6      In November 2020, Avers LLC filed a complaint in the circuit court of Cook County against plaintiff and his wife and daughter (the Markovics). The complaint noted that Illinois Governor J.B. Pritzker issued an executive order during the COVID-19 pandemic which included a moratorium on the enforcement of residential eviction orders. An exception to the moratorium applied, however, if a tenant posed a direct threat to the health and safety of other tenants, an immediate and severe risk to the property, or a violation of any applicable building code, health ordinance, or similar regulation. Ill. Exec. Order 2020-30 (April 23, 2020).

¶ 7      In its complaint, Avers LLC sought a declaration that plaintiff had triggered the exception to the moratorium by, among other things, threatening other tenants, creating fire hazards, and damaging the property. Avers LLC submitted 3 supporting affidavits – from property tenants Lisa Banford (Banford) and Brian Downing (Downing) and from Samuel Marconi (Samuel). Banford averred that plaintiff yelled at her regarding parking and storage matters, attempted to break into a key box in the property, and tampered with the clothes dryer. Downing averred that the Markovics had connected their gas line to his gas meter, so he was billed for their gas usage.

Samuel – the manager of Avers LLC and the property landlord – averred that the Markovics ignored the 2019 eviction order and resided rent-free at the property while continuing to collect rent from other tenants for a period of time. Samuel further represented that the Markovics refused to remove their belongings from unoccupied units; parked in unauthorized spots; tampered with the electrical system; and denied his requests for access to their unit. Banford, Downing, and Samuel each averred that they had been threatened by plaintiff.

¶ 8 Following a bench trial, the circuit court entered an order on June 23, 2021, directing the immediate eviction of the Markovics and ordering them to pay $23,400 to Avers LLC, representing the reasonable rental value of their unit ($1300 per month for 18 months). The record on appeal does not indicate whether the Markovics appealed from this judgment.

¶ 9 *The Instant Litigation – 21 L 7951*

¶ 10 In August 2021, plaintiff filed a *pro se* complaint in the circuit court of Cook County. The caption of the complaint lists the defendants as Avers LLC, Banford, Downing, Samuel, and Joseph R. Marconi (Joseph), an attorney for Avers LLC. Among other things, the complaint appears to assert claims[1] against Joseph for defamation and invasion of privacy based on statements made during the course of the underlying litigation.

¶ 11 Joseph's law firm filed an appearance on his behalf and on behalf of Avers LLC. The other defendants – Banford, Downing, and Samuel – do not appear to have been properly served. Joseph and Avers LLC filed a motion to dismiss the complaint with prejudice pursuant to section 2-619(a)(9) of the Code, arguing that the absolute litigation privilege protected communications

---

[1] As discussed below, the copy of the complaint included in the record on appeal is missing multiple pages and is otherwise lacking in clarity.

which were made during the court proceedings in the underlying litigation.

¶ 12    Plaintiff filed a "motion to dispute" which appears to have been intended to serve as a response to the dismissal motion and a motion for summary judgment. Plaintiff argued, in part, that Banford, Downing, and Samuel had defaulted by failing to answer or otherwise plead. Plaintiff further suggested that the claims in the underlying litigation were false, as he did not pose a threat to other tenants or to the property. Plaintiff also filed a motion for entry of default judgment, wherein he described his efforts to serve the individual defendants.

¶ 13    In their reply, Joseph and Avers LLC stated that Banford, Downing, and Samuel were not properly served process and thus were not a part of the dismissal motion. Joseph and Avers LLC requested, however, the dismissal of the entire lawsuit with prejudice, as the circuit court in the underlying litigation found the allegations against plaintiff to be true, which would serve as a defense to a defamation claim and a related "false light" invasion of privacy claim.

¶ 14    The circuit court entered a written ruling on February 11, 2022, which apparently dismissed the complaint with prejudice.[2] Plaintiff filed a one-page motion for reconsideration, wherein he asserted that: (a) the circuit court order did not acknowledge that Banford, Downing, and Samuel failed to answer or otherwise plead; (b) the absolute privilege was not "proven"; and (c) the circuit court failed to consider new evidence which plaintiff had sought to present shortly before its ruling.

¶ 15    The circuit court entered a written order on March 17, 2022, denying plaintiff's motion to reconsider. The circuit court found that the alleged defamatory communications made by Joseph and Avers LLC during the course of the underlying litigation were absolutely privileged.

---

[2] As discussed below, the record on appeal does not include a copy of this order.

Plaintiff filed the instant appeal.

¶ 16                                    ANALYSIS

¶ 17    Plaintiff has filed a *pro se* brief on appeal which includes the following contentions: Joseph violated the federal Coronavirus Aid, Relief, and Economic Security Act (CARES Act, Pub. L. 116-136) by forcing plaintiff to vacate the property; the circuit court failed to rule on plaintiff's motion for a default judgment as to Banford, Downing, and Samuel; plaintiff was threatened by Downing, as reflected in a January 2022 police report; Banford violated a municipal nuisance ordinance by repeatedly calling the police; and Joseph allowed witnesses to perjure themselves by making false statements. Joseph and Avers LLC respond that plaintiff's brief should be stricken and the appeal should be dismissed. They further assert that any alleged error based on a failure to adjudicate plaintiff's motion for default is baseless as Banford, Downing, and Samuel were not served and, in any event, the absolute litigation privilege barred plaintiff's claims in their entirety.

¶ 18                    *Violation of Illinois Supreme Court Rules*

¶ 19    Joseph and Avers LLC initially maintain that the plaintiff's appeal should be dismissed as his opening brief violates the Illinois Supreme Court Rules. We have the discretion to strike a brief and to dismiss an appeal for failure to comply with the applicable procedural rules, which are mandatory. *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 11; *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12.

¶ 20    Plaintiff's opening brief in the instant case violates Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. *McCann*, 2015 IL App (1st) 141291, ¶ 12. Among other things, the brief is improperly formatted (Ill. S. Ct. R. 341(a)); the trial judge and circuit court case number are omitted from the cover page (Ill. S. Ct. R.

341(d)); and the brief lacks a table of contents, an introductory paragraph, a concise statement of the applicable standard(s) of review, or a proper appendix (Ill. S. Ct. R. 341(h)(1), (2), (4), (9)).

¶ 21    Pursuant to Rule 341(h)(6), an appellant is to provide the reviewing court with the facts necessary to an understanding of the case. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). The facts must be stated fairly and accurately without comment or argument. *Id.*; *Ammar*, 2017 IL App (1st) 162931, ¶ 12. Simply put, the statement of facts in plaintiff's brief is unclear and argumentative. Plaintiff also failed to provide any citation to the record as is required by Rule 341(h)(6). *Id.*

¶ 22    Pursuant to Rule 341(h)(7), an appellant's opening brief must set forth his contentions, which he is required to support with argument, citations to the appellate record, and citations to authority. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Ammar*, 2017 IL App (1st) 162931, ¶ 13. "This rule is especially important because, when reviewing a case, the appellate court starts with the presumption that the circuit court's ruling was in conformity with the law and the facts." *McCann*, 2015 IL App (1st) 141291, ¶ 15. In the instant case, plaintiff's brief lacks any delineated "argument" section. Even if we were to consider certain paragraphs therein to constitute his argument, those paragraphs lack clarity or proper citations to the record.

¶ 23    "The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7. See *McCann*, 2015 IL App (1st) 141291, ¶ 15 (observing that appellate courts are entitled to have issues clearly defined). Plaintiff's *pro se* status does not excuse his noncompliance with the rules. If a party has chosen to represent himself, he is held to the same standard as a licensed attorney. *Ammar*, 2017 IL App (1st) 162931, ¶ 16; *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8.

¶ 24    A brief which lacks substantial conformity to the pertinent supreme court rules may justifiably be stricken. *Hall*, 2012 IL App (2d) 111151, ¶ 7. Despite its significant deficiencies, we decline to strike plaintiff's brief, as we understand the core contentions presented therein, particularly in light of the cogent brief presented by the appellees, Joseph and Avers LLC. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). As discussed below, however, even if we choose to reach the merits of plaintiff's arguments, the deficiencies of the record on appeal preclude our effective review.

¶ 25                              *Plaintiff's Challenge to Dismissal*

¶ 26    Plaintiff's fundamental contention on appeal is that the circuit court erred in dismissing his complaint with prejudice pursuant to section 2-619 of the Code. He initially states that the circuit court failed to rule on his "motion for default and summary judgment" as to Banford, Downing, and Samuel based on their purported failure to answer or otherwise plead. Plaintiff then asserts that the defendants falsely characterized his communications or conduct as threatening or hazardous so as to effectuate his eviction despite an eviction moratorium due to COVID-19. Among other things, plaintiff maintains that Banford, Downing, and Marconi were not fearful of him, given that they continued to confront him on multiple occasions. Plaintiff claims that Downing threatened him with an assault weapon during the pendency of the circuit court proceedings. Plaintiff also suggests that Banford violated a municipal nuisance ordinance by repeatedly contacting the police. As to Joseph, plaintiff argues that he "allowed his witnesses to perjur[e] themselves by making false and untrue statements within a deposition."[3] In support of these contentions, plaintiff curiously cites the unpublished decision in *Brown v. McGarry*, 2020 IL App (1st) 190427-U, wherein the appellate court concluded that the trial court correctly

---

[3] Based on our review of the record, no depositions appear to have been taken.

found that challenged communications were protected by the absolute litigation privilege and thus affirmed the dismissal of a defamation action.

¶ 27    Joseph and Avers LLC filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code.  735 ILCS 5/2-619 (West 2020).  A motion to dismiss under section 2-619(a) admits the legal sufficiency of the complaint but argues that the claim asserted against the defendant is barred by some affirmative matter which defeats the claim or avoids its legal effect.  *In re Estate of Boyar*, 2013 IL 113655, ¶ 27.  "The motion should be granted only if the plaintiff can prove no set of facts that would support a cause of action."  *Id.*  As a section 2-619 motion presents a question of law, our review is *de novo*, meaning that we perform the same analysis that a trial judge would perform.  *National Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755, ¶¶ 17-20.  We also review *de novo* a denial of a motion to reconsider based on the trial court's misapplication of the law.  *Harris, N.A. v. Sauk Village Development, LLC*, 2012 IL App (1st) 120817, ¶ 14.

¶ 28    Plaintiff, as the appellant, has the duty to provide a sufficient record to review his claims of error.  *Cascade Builders Corp. v. Rugar*, 2021 IL App (1st) 192410, ¶ 27 (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984)).  See also *King v. Find-A-Way Shipping, LLC*, 2020 IL App (1st) 191307, ¶ 29 (noting that a *pro se* appellant is "required to meet a minimum threshold in providing the court with an adequate record to review the issues raised on appeal").  "In the absence of a complete record, we must presume that a circuit court's order conformed with the law and had a sufficient factual basis."  *Cascade Builders Corp.*, 2021 IL App (1st) 192410, ¶ 27.  Any doubts arising from an inadequate record will be resolved against the appellant.  *Id.*

¶ 29    Although plaintiff argues that the trial court erred in dismissing his complaint against defendants, the dismissal order is not included in the record on appeal.  Where, as here, our

review is *de novo* – and the dismissal order is referenced in the subsequent order denying plaintiff's motion for reconsideration – the absence of such order arguably does not preclude effective appellate review. *E.g.*, *Watkins v. Office of the State Appellate Defender*, 2012 IL App (1st) 111756, ¶ 20 (finding that the transcripts of a circuit court hearing were not needed to review the propriety of a dismissal pursuant to section 2-619). See also *Cambridge Engineering, Inc. v. Mercury Partners 90 BI, Inc.*, 378 Ill. App. 3d 437, 446 (2007) (noting that an omission from the record was not "automatically fatal *** where the court has all the evidence it needs to make a proper decision on the merits under the appropriate standard of review").

¶ 30 A complete copy of plaintiff's complaint against defendants is also missing from the appellate record. As noted above, the complaint references five defendants: Joseph, Avers LLC, Banford, Downing, and Samuel. The complaint, however, appears to be missing 3 pages, which include 16 paragraphs.[4] The only complete claims asserted in the complaint – as it appears in the record – are defamation and invasion of privacy counts apparently directed at Joseph.[5] While we recognize that a section 2-619 motion to dismiss admits the legal sufficiency of the complaint (*Bezanis v. Fox Waterway Agency*, 2012 IL App (2d) 100948, ¶ 8), we cannot properly evaluate whether any affirmative matter avoids the legal effect of or defeats plaintiff's claims (735 ILCS 5/2-619(a)(9) (West 2020)) where we do not know the scope and nature of those claims.

¶ 31 As discussed above, "it is always the appellant's burden to provide the court of review with a sufficient record in order to establish error." *Webster v. Hartman*, 195 Ill. 2d 426, 436 (2001). In the instant case, the absence of a complete copy of the complaint precludes our

---

[4] The complaint includes pages 1 through 8 and page 12; pages 9, 10, and 11 are missing. The paragraph numbering of the complaint suggests that missing pages contain paragraphs 45 through 60.
[5] The complaint also includes a count which appears to be directed at Samuel, but it is unclear whether additional paragraphs of such count may be included on the missing pages.

effective review of its dismissal.

¶ 32                                    CONCLUSION

¶ 33    For the reasons set forth herein, the judgment of the circuit court of Cook County is affirmed in its entirety.

¶ 34    Affirmed.