# Illinois Official Reports

## Appellate Court

***Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931**

| | |
|---|---|
| Appellate Court Caption | ESSAM A. AMMAR, Plaintiff-Appellant, v. SCHILLER, DUCANTO & FLECK, LLP; CHARLES J. FLECK; RINELLA & RINELLA, LTD.; JOSEPH PHELPS; GRUND & LEAVITT, P.C.; DAVID I. GRUND; JACQUELINE I. AMMAR; LEVIN & BREND, P.C.; JEFFREY W. BREND; TD AMERITRADE, INC.; J. THOMAS BRADLEY, JR.; REED, CENTRACCHIO & ASSOCIATES, LLC; BRYAN V. REED; MANDAS LAW OFFICES, LLC; AND LEAH MANDAS; Defendants (Jacqueline I. Ammar; TD Ameritrade, Inc.; and J. Thomas Bradley, Jr., Defendants-Appellees). |
| District & No. | First District, Fifth Division<br>Docket No. 1-16-2931 |
| Filed | December 22, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-L-272; the Hon. Larry G. Axelrood, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Essam A. Ammar, of Chicago, appellant *pro se*.<br><br>Michael G. DiDomenico and Sean M. Hamann, of Lake Toback DiDomenico, of Chicago, for appellee Jacqueline I. Ammar. |

Brian A. Sher and Lauren J. Caisman, of Bryan Cave LLP, of Chicago, for other appellees.

| Panel | JUSTICE HALL delivered the opinion of the court, with opinion. Presiding Justice Reyes and Justice Rochford concurred in the judgment and opinion. |
|---|---|

## OPINION

The plaintiff, Essam A. Ammar, *pro se*, appeals from the dismissal with prejudice of his fourth amended complaint against defendants, Jacqueline I. Ammar (Jacqueline), TD Ameritrade, Inc., and J. Thomas Bradley, Jr., president of Ameritrade, Inc. (collectively Ameritrade).[1] On appeal, the plaintiff contends that the dismissal with prejudice was error, raising 10 issues in support of his contention. For reasons set forth below, we dismiss the appeal.

### BACKGROUND

On May 17, 2016, the plaintiff, *pro se*, filed a verified fourth amended seven-count complaint against Jacqueline, Ameritrade, and the law firms and attorneys that had represented the plaintiff or Jacqueline during the proceedings to dissolve their marriage.[2] The instant appeal concerns counts IV and V directed against Jacqueline and count VII directed against Ameritrade.

In count IV, the plaintiff alleged that Jacqueline committed a fraud on the court in the dissolution proceedings by making misrepresentations to induce the court to award her the plaintiff's nonmarital property. In count V, the plaintiff alleged that Jacqueline breached the terms of the marital settlement agreement by obtaining an award of attorney fees against the plaintiff and that her seizure of funds from the plaintiff's retirement accounts to satisfy her judgments against him violated section 12-1006 of the Code of Civil Procedure (Code) (735 ILCS 5/12-1006 (West 2012)).

In count VII, the plaintiff alleged multiple claims against Ameritrade including fraudulent entrustment and concealment of material facts, violations of trust and confidence, breach of the agreement between the plaintiff and Ameritrade, and the seizing of exempt funds. The plaintiff alleged that Ameritrade violated its duty to protect the plaintiff's retirement accounts when it concealed from the plaintiff the existence of an injunction placed on his retirement accounts,

---

[1]Jacqueline and Ameritrade are the only party-defendants in this appeal.

[2]The circuit court dismissed the claims raised in the third amended complaint against the law firm of Schiller, DuCanto & Fleck, LLP, and Charles J. Fleck, and the law firm of Levin & Brend, P.C., and Jeffrey W. Brend, with prejudice. This court affirmed the dismissal. See *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 161456-U.

misled the plaintiff in his effort to lift the injunction, and transferred the funds in the plaintiff's retirement accounts to satisfy judgments owed to Jacqueline.

¶ 6 Jacqueline and Ameritrade each filed a combined motion to dismiss pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2014)). Jacqueline maintained that counts IV and V of the fourth amended complaint did not state causes of action. See 735 ILCS 5/2-615 (West 2014). She further maintained that counts IV and V should be dismissed on *res judicata* grounds. See 735 ILCS 5/2-619(a)(4) (West 2014). Ameritrade maintained that count VII failed to state a cause of action for any of the claims the plaintiff asserted against it (735 ILCS 5/2-615 (West 2014)) and its actions were taken pursuant to court orders. See 735 ILCS 5/2-619(a)(9) (West 2014) (claim barred by other affirmative matter avoiding the legal effect or defeating the claim).

¶ 7 On October 13, 2016, the circuit court dismissed counts IV, V, and VII of the verified fourth amended complaint with prejudice for failure to state causes of action. The court made a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no reason to delay enforcement or appeal of the dismissal with prejudice order.

¶ 8 The plaintiff appeals from the October 13, 2016, order of the circuit court.

¶ 9 ANALYSIS

¶ 10 Jacqueline and Ameritrade maintain that the plaintiff's appeal should be dismissed because his opening brief violates Illinois Supreme Court Rules 341 (eff. July 1, 2017) and 342 (eff. July 1, 2017). We agree.

¶ 11 The purpose of the appellate rules of procedure is to require the parties before the reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues presented. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7. The procedural rules governing the content and format of appellate briefs are mandatory. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. Only where the violations preclude or interfere with our review is dismissal of the appeal appropriate. *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005). Nonetheless, we have the discretion to strike a brief and dismiss an appeal for failure to comply with the applicable rules of appellate procedure. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. With these principles in mind, we turn to the plaintiff's opening brief.

¶ 12 Pursuant to Rule 341(h)(6), the appellant is to provide the reviewing court with the facts necessary for an understanding of the case. The facts must be stated accurately and fairly and devoid of argument or comment. The appellant must provide a citation to the page in the record on appeal where that fact is set forth. In many instances, the plaintiff failed to supply any citation to the record in support of the facts he set forth in the statement of facts. Throughout his opening brief, the plaintiff cites to the 21 volumes of record from his prior two appeals that are not part of the record on this appeal. Overall, the statement of facts is no more than a restatement of the allegations of the plaintiff's verified fourth amended complaint, which he incorporates by reference.

¶ 13 Pursuant to Rule 341(h)(7), the appellant's opening brief must set forth his contentions, which he is required to support with argument, citations to the record on appeal, and citations to authority. Several of the 10 issues the plaintiff raised on appeal are not supported by citations to authority or cite only to general propositions of law. See *Roe v. Jewish Children's*

*Bureau of Chicago*, 339 Ill. App. 3d 119, 127 (2003) (argument forfeited on appeal where the party cited only general authority and provided no authority addressing the specific issue raised). The plaintiff failed in many instances to provide argument based on the authority he cited. Many of the record citations are to volumes of record that are not part of the record on appeal.

¶ 14 Pursuant to Rule 341(h)(9), the plaintiff's opening brief must contain an appendix as required by Rule 342 (Ill. S. Ct. R. 342(a) (eff. July 1, 2017)). The appendix to the plaintiff's opening brief does not comply with Rule 342(a) in that it does not contain the notice of appeal or a table of contents to the appendix. The lengthy table of contents sets forth the 21 volumes of record that are not part of the record on appeal. The two volumes of record that the plaintiff did file are designated as part of volumes 20 and 21, volumes in an earlier appeal. In short, the appendix in this appeal is confusing and provides little or no assistance to this court in attempting to substantiate the plaintiff's claims.

¶ 15 The dismissal of an appeal is such a severe sanction that we hesitate to impose it. In this case, the plaintiff's multiple violations of the rules preclude our ability to review the issues he raises on appeal. Moreover, this is the third appeal brought by the plaintiff, and he continues to violate the same rules of appellate procedure. See *Ammar*, 2017 IL App (1st) 161456-U, ¶ 34 (failed to cite authority in support of his contention of error in violation of Rule 341(h)(7)); *In re Marriage of Ammar*, 2015 IL App (1st) 133722-U, ¶ 14 (statement of facts failed to contain citations for all facts stated and contained improper argument and comments in violation of Rule 341(h)(6) and failed to comply with Rules 341(h)(9) and 342(a) by failing to provide an index to the 17 volumes of record on appeal and by numbering only a portion of the pages in the record).

¶ 16 The plaintiff's *pro se* status does not allow him to claim ignorance of our supreme court rules or excuse his noncompliance. Where a party has chosen to represent himself, he is held to the same standard as a licensed attorney and must comply with the same rules. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. This court called this standard to the plaintiff's attention in his second appeal. *Ammar*, 2017 IL App (1st) 161456-U, ¶ 34. In his third appeal, the plaintiff ignored our warning, not only violating the same rules but relying on his layman status to avoid the consequences of his violations of appellate procedural rules.

¶ 17 Both Jacqueline and Ameritrade raised the plaintiff's violations of the appellate procedural rules in their appellees' briefs, but the plaintiff took no steps to rectify the violations. Instead, in his reply brief, the plaintiff maintained his compliance, ignoring the obvious and glaring violations of the rules. *Cf. Voris*, 2011 IL App (1st) 103814, ¶ 9 (where the appellee provided enough materials and the appellant made an attempt to correct some of the deficiencies in his reply brief, the reviewing court addressed the merits of appellant's three issues).

¶ 18 In the plaintiff's two prior appeals, this court considered the merits of the issues raised despite the violations. In view of the plaintiff's continued violations of our appellate procedural rules, we exercise our discretion and dismiss the plaintiff's appeal. We decline to award any sanctions pursuant to Rule 375(b) (Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994)) as requested by Jacqueline.

¶ 19                                             CONCLUSION

¶ 20           Appeal dismissed.