2019 IL App (1st) 181835-U

FOURTH DIVISION
December 26, 2019

No. 1-18-1835

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| RAQUEL HOUSLEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 16 L 001434 |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | Honorable |
| | ) | Thomas R. Mulroy, |
| Defendant-Appellee. | ) | Judge Presiding. |
| | ) | |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Affirming a judgment in favor of an employer against its former employee for a retaliatory discharge claim when the employee claimed she was fired for making a claim under the Workers' Compensation Act.

¶ 2    Plaintiff Raquel Housley (Housley) filed a retaliatory discharge complaint against the Chicago Transit Authority (CTA), her former employer, claiming she was fired for making a claim under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2014)).  The jury returned a verdict in favor of the CTA and against Housley, and the circuit court of Cook County entered judgment on the verdict and denied her posttrial motion for a new trial.  Housley

challenges the judgment of the trial court in this *pro se* appeal. For the reasons discussed below, we affirm.

¶ 3                                              BACKGROUND

¶ 4      Housley, represented by counsel, filed a complaint in the circuit court of Cook County against the CTA – a municipal corporation which operates as a public transportation system – alleging that she sustained injuries in the course and scope of her employment as a CTA bus driver on September 12, 2014. According to Housley, the CTA subsequently attempted to force her to return to work in violation of her physician-imposed work restrictions. Housley alleged that the CTA terminated her employment on March 30, 2015, because she had exercised her right to workers' compensation benefits and followed the work restrictions in accordance with the Act.

¶ 5      The CTA contended it had a legitimate nonpretextual basis for discharging Housley, *i.e.*, her violation of the CTA rules of conduct based on her failure to report or call in to her work location after being instructed to do so. Since Housley applied for workers' compensation benefits more than six months prior to her termination, the CTA also argued that there was no causal or temporal nexus between her workers' compensation benefit request and her discharge.

¶ 6      After a three-day trial, the jury returned a verdict in favor of the CTA and against Housley. The trial court entered judgment on the verdict.

¶ 7      Housley filed a motion for a new trial, arguing that the verdict was against the manifest weight of the evidence. She asserted that the evidence demonstrated that the CTA violated the Act either by relying on its own judgment or by relying on the decision of its third-party workers' compensation adjustor which provided that she could return to work "full duty." Housley also argued that the court erred in refusing to give her proposed non-IPI jury

instruction[1] regarding pretext.

¶ 8      The CTA responded that the jury heard testimony from multiple witnesses which provided that the reason for Housley's discharge was as a result of her being absent without leave (AWOL) in violation of CTA policies.  As to the trial court's refusal to give her non-IPI jury instruction, the CTA argued that (a) Housley was not prejudiced because her attorney was permitted to make her "pretext" argument during closing arguments, (b) she cited no Illinois cases in which a pretext instruction was given, (c) the pattern instructions which were given accurately instructed the jury on retaliatory discharge, and (d) the proposed non-IPI instruction was not based on Illinois law.

¶ 9      In a written order entered on July 25, 2018, the trial court denied Housley's posttrial motion for a new trial.  She filed a *pro se* notice of appeal, as her trial counsel was subsequently granted leave to withdraw as her attorney.

¶ 10                                    ANALYSIS

¶ 11      While Housley seeks reversal of the trial court judgment in her appellate brief,[2] she does not clearly articulate her claims of error.  In response, the CTA argues that the appeal should be dismissed based on Housley's noncompliance with the Illinois Supreme Court Rules and failure to provide an adequate record on appeal.  The CTA further contends there is no basis to overturn the verdict because (a) the jury's findings in the CTA's favor were not arbitrary or unreasonable and were based on the evidence presented and (b) the jury instructions accurately stated the law.

¶ 12      As a threshold matter, we observe that Housley's brief does not comply with many of the mandatory requirements of Rules 341 and 342.  *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8; Ill. S. Ct. R. 341 (eff. May 25, 2018); Ill. S. Ct. R. 342 (eff. July 1, 2017).  Among other things,

---

[1] IPI refers to the Illinois Pattern Jury Instructions, Civil (2011).

[2] Housley has not filed a reply brief.

her brief is improperly formatted (Ill. S. Ct. R. 341(a)) and lacks an adequate "Points and Authorities" section (Ill. S. Ct. R. 341(h)(1)). Housley appears to reference incorrect dates in the "jurisdiction" section of her brief (Ill. S. Ct. R. 341(h)(4)).[3] Her brief does not include a proper appendix (Ill. S. Ct. R. 341(h)(9); Ill. S. Ct. R. 342), and the table of contents is incomplete and otherwise inaccurate (*id.*). Her statement of facts does not set forth the facts necessary for an understanding of the case. Ill. S. Ct. R. 341(h)(6); *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 12.

¶ 13    Her brief also lacks a concise statement of the applicable standard of review (Ill. S. Ct. 341(h)(3)) or an argument section (Ill. S. Ct. R. 341(h)(7)). Rule 341(h)(7) requires an appellant to present reasoned argument and citation to legal authority and to specific portions of the record in support of her claims of error. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 15; Ill. S. Ct. R. 341(h)(7). "This rule is especially important because, when reviewing a case, the appellate court starts with the presumption that the circuit court's ruling was in conformity with the law and the facts." *McCann*, 2015 IL App (1st) 141291, ¶ 15. While her brief references various provisions of the Act, Housley fails to cite any cases or to otherwise present a coherent argument. As our supreme court has held, the failure to argue a point in the appellant's opening brief results in forfeiture of the issue. *Vancura v. Katris*, 238 Ill. 2d 352, 369 (2010); Ill. S. Ct. R. 341(h)(7).

¶ 14    We recognize that Housley is a *pro se* appellant. The fact that a party appears *pro se* does not relieve her from compliance with the rules for practice before this court. *Voris*, 2011 IL App (1st) 103814, ¶ 8. See also *Oruta v. B.E.W. & Continental*, 2016 IL App (1st) 152735, ¶ 33 (noting that supreme court rules are "not advisory suggestions, but rules to be followed").

---

[3] Housley indicates that the trial court ruled on the posttrial motion on June 22, 2018, but the order was actually entered on July 25, 2018. She also represents in her brief that her notice of appeal was filed on June 14, 2018. While Housley filed an initial notice of appeal on that date, she filed a second notice of appeal on August 22, 2018, within 30 days of the order denying her posttrial motion.

Where a party has chosen to represent herself, she is held to the same standard as a licensed attorney and must comply with the same rules. *Ammar*, 2017 IL App (1st) 162931, ¶ 16. "Although we seldom enter an order dismissing an appeal for failure to comply with supreme court rules, our sound discretion permits us to do so." *McCann*, 2015 IL App (1st) 141291, ¶ 20. In the instant case, while we recognize the significant deficiencies of Housley's brief, we find based on the record before us that the proper remedy is to affirm the judgment, not to dismiss the appeal. See *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 9.

¶ 15    The crux of Housley's position appears to be that the jury erred in ruling in favor of the CTA because "the jury should have had more clarification of the [Act] in order to understand more clearly why [Housley's lawyer] was trying to defend in the wrongful termination case." To the extent that she is generically challenging the jury verdict and the denial of her motion for a new trial, we find the record to be insufficient to properly assess her claim of error. To the extent she is specifically challenging the trial court's refusal to give her non-IPI jury instruction regarding pretext, we find that the trial court did not abuse its discretion.

¶ 16    A plaintiff seeking to recover damages for retaliatory discharge predicated on the filing of a workers' compensation claim must prove that: (1) she was an employee before the injury; (2) she exercised a right granted by the Act; and (3) she was discharged and that the discharge was causally related to her filing a claim under the Act. *Clemons v. Mechanical Devices Co.*, 184 Ill. 2d 328, 335-36 (1998). See also 820 ILCS 305/4(h) (West 2014) (providing that it is unlawful for an employer to discharge an employee because of the exercise of her rights or remedies under the Act). "Moreover, if an employer chooses to come forward with a valid, nonpretextual basis for discharging its employees and the trier of fact believes it, the causation element required to be proven is not met." *Clemons*, 184 Ill. 2d at 336. Accord *Michael v.*

*Precision Alliance Group, LLC,* 2014 IL 117376, ¶ 39. If the trier of fact rejects the plaintiff's evidence, or instead accepts the defendant's proffered reason for the termination, then the plaintiff has failed to meet her burden of proof. *Clemons*, 184 Ill. 2d at 337.

¶ 17    The common law record indicates that the CTA presented a purportedly valid, nonpretextual basis for discharging Housley, *i.e.*, her AWOL status violated CTA policies. In light of its verdict in favor of the CTA, the jury presumably rejected Housley's evidence of retaliatory discharge and/or accepted the CTA's proffered reason for her termination. The trial court entered judgment on the verdict and subsequently denied Housley's motion for a new trial.

¶ 18    A reviewing court may reverse a jury verdict only if it is against the manifest weight of the evidence. *Snelson v. Kamm*, 204 Ill. 2d 1, 35 (2003). "A verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary, and not based upon any of the evidence." *Id.* A trial court's ruling on a motion for a new trial "is afforded considerable deference and will only be reversed in those instances where it is affirmatively shown that the court clearly abused its discretion." *Wardwell v. Union Pacific R.R. Co.*, 2017 IL 120438, ¶ 11.

¶ 19    While the record suggests that the jury heard evidence from Housley and other witnesses, Housley has not provided a report of proceedings. See Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); Ill. S. Ct. R. 323 (eff. July 1, 2017).[4] Our supreme court has recognized that to support a claim of error, an appellant has the burden to present a sufficiently complete record. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). In the absence of such a record on appeal, we presume that the order entered by the trial court was in conformity with the law and has a

---

[4] We recognize that Housley previously represented to this Court in a motion for an extension of time to file her brief that she was "financially unable to pay for the transcripts from the court reporter." We note, however, that Supreme Court Rule 323 provides for alternatives to a transcript. Ill. S. Ct. R. 323 (eff. July 1, 2017). The record also suggests that Housley failed to designate the report of proceedings for inclusion in the record.

sufficient factual basis. *Teton, Tack & Feed, LLC v. Jimenez*, 2016 IL App (1st) 150584, ¶ 19.

Any doubts arising from the inadequacy of the record must be resolved against Housley, as the

appellant. See *Corral*, 217 Ill. 2d at 157.

¶ 20    Although limited excerpts of the transcripts of certain trial court testimony and arguments

are included in the common law record, the absence of a comprehensive report of proceedings

precludes us from assessing any challenge to the verdict possibly raised by Housley. *E.g.*, *Han

v. Holloway*, 408 Ill. App. 3d 387, 390 (2011) (finding that without a transcript of the plaintiff's

trial testimony, the appellate court could not determine whether the trial court abused its

discretion in denying the plaintiff's motion for new trial); *Mother Earth, Ltd. v. Strawberry

Camel, Ltd.*, 98 Ill. App. 3d 518, 522 (1981) (concluding that "[s]ince the entire record is not

before this court for review, we must presume that the proof presented below was sufficient to

support the trial court's decision to order a new trial on all the issues"). As Housley failed to

include in the record all of the relevant evidence actually presented to the jury, we cannot find

that the verdict was against the manifest weight of the evidence or that the trial court clearly

abused its discretion in denying her motion for a new trial. We thus affirm the judgment on the

verdict.

¶ 21    To the extent that Housley intended to specifically challenge the trial court's rejection of

her non-IPI instruction regarding pretext, we are unpersuaded. As discussed above, her brief

fails to advance any cogent argument or legal support for such position. See *Holzrichter v.

Yorath*, 2013 IL App (1st) 110287, ¶ 80 (noting that "[t]his court is not a depository in which the

burden of argument and research may be dumped"). Even assuming any argument regarding the

jury instructions has not been forfeited (Ill. S. Ct. R. 341(h)(7)), such challenge is unavailing.

¶ 22    In a written order entered prior to the trial, the trial court stated that its rulings on

contested jury instructions were set forth in a hearing transcript which was incorporated by reference. While the appellate record does not contain a complete hearing transcript, the seemingly relevant page of the transcript is included. As to Housley's proposed non-IPI instruction regarding pretext, the trial court stated: "I'm not going to give that one. You can argue it." During closing argument, Housley's attorney presented arguments regarding pretext, *i.e.*, that the reason given by the CTA for her termination was not the real reason. Her attorney asserted, in part, that there was direct evidence that the CTA "made up a phony reason for firing Ms. Housley for following her doctor's instructions to remain off work and attend therapy."

¶ 23    "A trial court has discretion to determine which instructions to give the jury and that determination will not be disturbed absent an abuse of that discretion." *Egan v. McCullough*, 2013 IL App (1st) 122475, ¶ 20. A trial court does not abuse its discretion regarding jury instructions if the instructions in their entirety fully, fairly, and comprehensively apprise the jury of the relevant legal principles. *Id.* "A reviewing court ordinarily will not reverse a trial court for giving faulty instructions unless they clearly misled the jury and resulted in prejudice to the appellant." *Schultz v. Northeast Illinois Regional Commuter R.R. Corp.*, 201 Ill. 2d 260, 274 (2002).

¶ 24    "A trial court is required to use an Illinois Pattern Jury Instruction when it is applicable in a civil case after giving due consideration to the facts and the prevailing law, unless the court determines that the instruction does not accurately state the law." *Id.* at 273. Accord *Studt v. Sherman Health Systems*, 2011 IL 108182, ¶ 14; Ill. S. Ct. R. 239 (eff. Apr. 8, 2013). A non-IPI instruction may be used if the trial court determines that the pattern instruction does not accurately state the law. *Studt*, 2011 IL 108182, ¶ 14.

¶ 25    The pattern jury instructions which were provided to the jury in the instant case have

been found to have "fairly, fully, and comprehensively informed the jury concerning the legal principles" relevant to a plaintiff's burden of proof and the elements of a retaliatory discharge claim under the Act. *Holland v. Schwan's Home Service, Inc.*, 2013 IL App (5th) 110560, ¶¶ 141-151 (discussing IPI 250.01, IPI 250.02, and IPI 15.01). Housley has provided no support for the proposition that any of the jury instructions which were given failed to accurately state the law. Even assuming *arguendo* that the trial court erred in refusing to give the non-IPI instruction suggested by Housley, there is no indication in our limited record that the jury was misled or that Housley was prejudiced in any respect. See, *e.g.*, *Schultz*, 201 Ill. 2d at 281-82 (concluding that the erroneous giving of a pattern jury instruction and the failure to give one of the defendant's proposed alternatives did not constitute reversible error where the trial court allowed defense counsel to discuss the relevant evidence during closing argument). Based on the foregoing, we find that the trial court did not abuse its discretion in declining to give the non-IPI instruction on pretext proposed by Housley.

¶ 26    In conclusion, because the deficiencies of the record preclude our effective review of any challenge to the jury verdict and the judgment thereon or the denial of her motion for a new trial, we must affirm such rulings. To the extent Housley challenges the trial court's refusal to give her proposed non-IPI instruction on pretext, her position is unsupported and unpersuasive.

¶ 27                          CONCLUSION

¶ 28    For the reasons discussed above, the judgment of the circuit court of Cook County is affirmed in its entirety.

¶ 29    Affirmed.