2020 IL App (1st) 191813-U

No. 1-19-1813

Order filed April 10, 2020

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MICHAEL A. HARTER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF EMPLOYMENT SECURITY; | ) | No. 19 L5 0321 |
| DIRECTOR OF DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY; BOARD OF REVIEW; and PACIFIC RAIL | ) | |
| SERVICES, | ) | Honorable |
| | ) | James M. McGing, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Mikva and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The Department of Employment Security Board of Review's determination that plaintiff was ineligible for unemployment benefits because he was discharged for misconduct was not clearly erroneous.

¶ 2    Plaintiff Michael Harter appeals *pro se* from the circuit court's judgment affirming the

decision of the Department of Employment Security Board of Review (Board), finding him

ineligible to receive unemployment benefits because he was discharged for misconduct under section 602(A) and (A)(5) of the Unemployment Insurance Act (Act) (820 ILCS 405/602(A), (A)(5) (West 2018)). On appeal, plaintiff requests that we reverse the Board's decision because his actions that led to his discharge were accidental and not deliberate or intentional. We affirm.

¶ 3 Plaintiff worked as a driver for Pacific Rail Services from January 7, 2019 until January 27, 2019. As a new employee, he was under a probationary period. During training, plaintiff was informed he could not have a phone in the vehicle when he was working. Thereafter, plaintiff came to work wearing an earpiece. He was informed of the policy and given a verbal warning. Two weeks later, plaintiff wore his earpiece at work again. A supervisor called him into the office and informed him that his employment was terminated. Plaintiff subsequently applied for unemployment benefits from the Department of Employment Security (Department). Pacific Rail was notified of the application and did not file a protest.

¶ 4 On February 13, 2019, the Department sent a notice of interview to plaintiff, who had indicated on his application that he voluntarily left his employment. After a phone interview, during which plaintiff explained that he was fired for violating company policy by wearing an earpiece to listen to music, a Department claims adjudicator determined that plaintiff was terminated for misconduct and was ineligible to receive benefits.

¶ 5 On March 4, 2019, plaintiff filed a request for reconsideration, stating he was only warned once not to wear his earpiece and did not receive a written notice as stated in the employee handbook. On March 22, an administrative law judge (ALJ) held a telephone hearing. Pacific Rail did not participate in the hearing. On March 25, 2019, the ALJ affirmed the decision, finding plaintiff ineligible for benefits. The ALJ's decision was based on a finding that plaintiff refused to

obey the employer's rule prohibiting the usage of electronics at work where, despite a previous warning, he was twice seen with a wireless earpiece in his ear while working.

¶ 6     Plaintiff appealed to the Board, arguing that he accidentally left his earpiece in when reporting for work. On June 4, 2019, the Board issued its decision finding plaintiff ineligible for benefits. The Board's decision was based on evidence showing that Pacific Rail had a rule prohibiting the use of electronics or a cell phone and plaintiff was seen wearing an earpiece during work, despite having previously been warned against wearing an earpiece. The Board concluded that plaintiff was terminated based on misconduct under section 602(A) and (A)(5) of the Act (820 ILCS 405/602 (A) and (A)(5) (West 2018)). In doing so, the Board specifically found that plaintiff refused to obey the employer's reasonable and lawful instruction not to wear an earpiece, and his refusal was not due to the lack of ability, skills or training, nor would obeying the instruction result in an unsafe act. Additionally, the Board found plaintiff's actions constituted a deliberate and willful violation of the employer's policy which caused the employer harm. The Board further found plaintiff's claim that it was an accident and he forgot to take his earpiece out was not credible. In doing so, the Board rejected plaintiff's contention that he could not feel the earpiece in his ear and noted his statement that he used the earpiece to listen to music.

¶ 7     On August 28, 2019, plaintiff filed a complaint for administrative review. After hearing argument and reviewing the record, the circuit court issued an opinion affirming the Board's decision and finding that plaintiff was discharged for misconduct for refusing to obey the employer's rule against the use of electronics or cell phones. Plaintiff timely appealed.

¶ 8     On appeal, we review the final decision of the Board, rather than the decision of the Department referee or the circuit court. *Petrovic v. Department of Employment Security*, 2016 IL

118562, ¶ 22. The applied standard of review depends on whether the question presented is one of fact or law. *Pesoli v. Department of Employment Security*, 2012 IL App (1st) 111835, ¶ 20. The Board's findings of fact are *prima facie* true and correct and we will reverse only if they are against the manifest weight of the evidence. *Id.* Reviewing courts are precluded from reweighing the evidence, resolving conflicts in the testimony, or evaluating the credibility of the witnesses. *Woods v. Illinois Department of Employment Security*, 2012 IL App (1st) 101639, ¶ 16. When the question is one of law, the review is *de novo*. *Pesoli*, 2012 IL App (1st) 111835, ¶ 20. Whether an employee was properly terminated due to misconduct, and is thus, ineligible for unemployment benefits, is a mixed question of law and fact that we review under the clearly erroneous standard. *Petrovic*, 2016 IL 118562, ¶ 21. The Board's decision is clearly erroneous where the record definitively shows that a mistake has been made. *Id.*

¶ 9       We initially note that plaintiff's *pro se* brief fails to comply with several requirements of Supreme Court Rule 341 (Ill. S. Ct. R. 341 (eff. May 25, 2018)). Although plaintiff is proceeding *pro se* on appeal, he is nonetheless required to comply with our supreme court rules. *Ammar v. Schiller, Du Canto and Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 16. Plaintiff's brief fails to comply with Rule 341 in several respects, including failing to set forth the facts as contained in the record, or to adequately set forth any legal argument or citation to any legal authority. See Ill. S. Ct. R. 341 (h)(6), (7). Subsection (h)(6) requires a statement of facts in order to provide this court with the facts necessary for an understanding of the case, "without argument or comment, and with appropriate reference to the pages of the record." Ill. S. Ct. R. (h)(6). Plaintiff's statement of facts interjects facts not included in the record on appeal and argues that the record contains "incorrect statements" that are "not true." Pursuant to subsection (h)(7), plaintiff was required to state his

argument on appeal, and to support it with citation to the record and authority. Ill. S. Ct. R. (h)(7). Plaintiff merely stated a conclusion and failed to set forth any legal argument before this court. See *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875 (1st Dist. 2010) (this court is not a depository in which the burden of argument and research may be dumped).

¶ 10 We acknowledge that, where an appellant's brief fails to comply with the requirements of our supreme court rules, this court has discretion to strike the brief and dismiss the appeal or to disregard appellant's arguments. See *Budzileni v. Department of Human Rights*, 392 Ill. App. 3d 422, 440-41 (1st Dist. 2009). However, we conclude that petitioner's failure to comply with Rule 341 does not hinder our review of the case and decline to impose such "a severe sanction." See *Ammar*, 2017 IL App (1st) 162931, ¶ 15. This is especially so where, as here, we have the benefit of a cogent brief from the Department. See *Twardowski v. Holiday Hospitality Franchising Inc*., 321 Ill. App. 3d 509, 511 (1st Dist. 2001). Accordingly, we turn to the merits of plaintiff's appeal.

¶ 11 Plaintiff argues that the Board erred in finding that his actions were "deliberate and intentional" or that he "refused to obey" the employer's rule against the use of electronics or cell phones where he asserted that he forgot to remove his earpiece.

¶ 12 However, the Board specifically found plaintiff's testimony that he forgot he was wearing his earpiece was not credible. It was the Board's responsibility to determine the credibility of the testimony and this court will not disturb that determination. See *Woods*, 2012 IL App (1st) 101639, ¶ 16.

¶ 13 Plaintiff also contends that his assertions should be taken as true because he was the only one who presented evidence and Pacific Rail did not participate in the hearing. While an employer who asserts an employee's disqualification for benefits based on misconduct has the burden of

proving such misconduct, it is the claimant who bears the burden of establishing initial eligibility for benefits. *Petrovic*, 2016 IL 118562, ¶ 28. Here, Pacific Rail did not assert misconduct, and is not a party to the action. Rather, plaintiff's initial claim was denied by the claim adjudicator following an interview with plaintiff. Plaintiff's own evidence showed that the employer had a rule against the use of electronics or cell phones, plaintiff was aware of that rule, and plaintiff wore an earpiece in his ear after having been previously warned against wearing his earpiece at work.

¶ 14    The Board found the evidence in this case supported a finding of misconduct under sections (A) and (A)(5) of the Act. We find that the Board's determination that plaintiff refused to obey a reasonable and lawful instruction from his employer supported a finding of misconduct under section (A)(5) of the Act and was not clearly erroneous.

¶ 15    Under section 602(A) of the Act, a person who is discharged by her employer for misconduct connected with her work is ineligible to receive unemployment insurance benefits. *Id.* ¶ 25. The Act defines "misconduct" as:

"the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit." 820 ILCS 405/602(A) (West 2018).

¶ 16    In 2016, the legislature amended section 602(A) by adding list of eight enumerated circumstances where an employee would be disqualified from receiving benefits. *Petrovic*, 2016 IL 118562, ¶ 37, n.3 (citing Pub. Act 99-488 (eff. Jan. 3, 2016)). Specifically, the statute now provides:

"The previous definition notwithstanding, 'misconduct' shall include any of the following work-related circumstances:

\*\*\*

5. Refusal to obey an employer's reasonable and lawful instruction, unless the refusal is due to the lack of ability, skills, or training for the individual required to obey the instruction or the instruction would result in an unsafe act." 820 ILCS 405/602(A)(5) (West 2018).

¶ 17    A violation of section (A)(5) is considered misconduct *per se*. *Persaud v. Illinois Department of Employment Security*, 2019 IL App (1st) 180964, ¶ 21. Under this section, there is no requirement that the conduct was deliberate or willful, repeated, or caused harm to the employer. *Id.*

¶ 18    The Board found that the evidence supported a finding that plaintiff was terminated for misconduct where the evidence showed that he was warned of Pacific Rail's policy against having an earpiece in his ear yet refused to follow the policy. The evidence showed that plaintiff was a new employee in a probationary period. Upon hire, he was informed of the rule that cell phone usage was prohibited and "signed off" on it. He received a verbal warning when he came to work wearing his earpiece. Two weeks later, he again wore his earpiece at work, and he was terminated. As the circuit court noted, as a new employee in his probationary period who had already received a warning, plaintiff was on notice to be extra careful and ensure that he did not wear his earpiece at work. Additionally, as previously noted, the Board found plaintiff's claim that he forgot he was wearing his earpiece was not credible.

¶ 19    Our review of the record does not leave us with a definite and firm conviction that a mistake has been made and, therefore, we will not disturb the Board's findings. See *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 395 (2001). Accordingly, the Board's determination that plaintiff was discharged for misconduct and not eligible for unemployment insurance benefits was not clearly erroneous. See *Id.*; *Petrovic*, 2016 IL 118562, ¶ 21. Because we conclude that the Board's decision finding misconduct under section (A)(5) of the act was not clearly erroneous, we do not need to address the Board's finding of misconduct on additional grounds.

¶ 20    For these reasons, we affirm the judgment of the circuit court of Cook County affirming the Board's decision.

¶ 21    Affirmed.