2020 IL App (1st) 191518-U

No. 1-19-1518

Order filed May 27, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CURTIS GAYLORD, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner-Appellant, | ) | Decision of the Illinois Human |
| | ) | Rights Commission |
| v. | ) | |
| | ) | |
| THE HUMAN RIGHTS COMMISSION, | ) | No. 2016 CH 3541 |
| THE DEPARTMENT OF HUMAN RIGHTS, and | ) | |
| CORNERSTONE SERVICES, INC. | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Justices Cobbs and Howse concurred in the judgment.

**ORDER**

¶ 1 *Held*: The Illinois Human Rights Commission did not err in sustaining the dismissal of petitioner's charge of housing discrimination and retaliation based on petitioner's failure to proceed with the charge.

¶ 2 Petitioner Curtis Gaylord appeals *pro se* from a final order entered by the Illinois Human

Rights Commission (Commission) sustaining the Illinois Department of Human Rights'

(Department) dismissal of his charge of housing discrimination and retaliation against Cornerstone Services, Inc. (Cornerstone) for failure to proceed with the charge. We affirm.

¶ 3    On February 16, 2016, petitioner filed a complaint with the Department pursuant to the Illinois Human Rights Act ("Act") (775 ILCS 5/1-101, *et seq.* (West 2016)). He alleged that Cornerstone unlawfully discriminated against him based on his race ("black") and disability and retaliated against him, in violation of sections 3-102(B), 3-102.1(B) and 6-101(A) of the Act.

¶ 4    In October 2017, the Department mailed petitioner a "Notice of Unperfected Charge," explaining that his charge was not perfected because he did not sign it under oath or affirmation. The Department provided him with a copy of the charge for his signature and asked that he contact the Department as soon as possible so that it could discern the specific nature of his allegations.

¶ 5    On October 30 and 31, 2017, the Department conducted telephone interviews with petitioner. Petitioner requested revisions to the allegations in the charge. The Department made the revisions and conducted an in-person interview with petitioner on November 9, 2017. During the in-person interview, petitioner declined to sign the revised charge and requested additional revisions to the allegations. The Department advised petitioner to make any written revisions to the allegations that he wished, and to return to the Department with the revised charge within the next week.

¶ 6    On November 17, 2017, petitioner had not returned to the Department and the Department mailed him a letter via first-class and certified mail. In the letter, the Department advised petitioner that he must return the charge, signed under oath or affirmation, or contact the Department within 10 days of the letter's receipt, or the charge would be dismissed. The certified mail was delivered to petitioner on November 25, 2017 and the first-class mail was not returned to the Department as undeliverable.

¶ 7    The parties corresponded via mail. On December 15, 2017, petitioner called the Department and asked about the deadline to return his signed charge. The Department informed him that he must sign his charge on or before January 2, 2018. On January 3, 2018, petitioner contacted the Department and asked if he could still send in his signed charge. The Department informed him to come to the Department in person or send it immediately and said it would hold the charge until January 12, 2018. The Department advised petitioner that, if it did not receive his signed charge by January 12, 2018, then it would process the charge based on petitioner's failure to proceed. Petitioner stated he would put the signed charge, along with a written position statement, in the mail on January 4, 2018. On January 16, 2018, the Department had not received petitioner's signed charge of discrimination and dismissed his charge for failure to proceed.

¶ 8    On April 23, 2018, petitioner filed a timely request for the Commission to review the Department's dismissal of his charge. Petitioner stated that he had made a previous "Request for Review" and that his housing charge was "mischaracterized as a public accommodation." He complained that a Department investigator was "unprofessional" and "rushing" him to perfect his charge. He attached a letter that he wrote to "Director Janice Glen" that was dated April 17, 2017, in which he discussed his contact with the Department in November of 2017.[1]

¶ 9    The Department responded to petitioner's request for review, explaining that petitioner's charge was dismissed for failure to proceed because he did not perfect the charge by signing it under oath or affirmation. The Department noted that it had repeatedly attempted to have petitioner perfect the charge, but he failed to cooperate. The Department noted that petitioner offered no additional evidence with his request for review to warrant reversing its dismissal of the charge. It pointed out that petitioner had not even provided a perfected charge with his request for review.

---

[1] Due to the discrepancy with the dates in the letter, it is unclear when this letter was written. There is no indication in the record regarding if and when it was delivered.

¶ 10      On June 20, 2019, the Commission entered an order sustaining the Department's dismissal of petitioner's charge of unlawful discrimination and retaliation against Cornerstone for failure to proceed. The Commission noted that a charge of discrimination is required to be made in writing and signed under oath or affirmation. A charge that is not made under oath or affirmation is unperfected, and the Department may not proceed with an investigation of such an unperfected charge. The Commission further noted that, when a complainant fails to return a signed charge, the Department may dismiss the charge for failure to proceed, based on section 2520.560 of the Illinois Administrative Code (56 IL ADC § 2520.560 (West 2016)). The Commission found that the Department properly dismissed petitioner's charge where he failed to sign it under oath or affirmation, despite the Department's attempts to have petitioner sign his charge on several occasions and warning him that failure to perfect his charge could lead to the dismissal of his charge. The Commission noted that petitioner did not show good cause for his failure to sign his charge and that he provided no additional evidence with his request for review that would warrant a reversal of the Department's determination dismissing his charge for failure to proceed.

¶ 11      On July 24, 2019, petitioner filed a timely petition for direct review of the Commission's decision in this court. See Ill. S. Ct. R. 335(a) (eff. July 1, 2017); 775 ILCS 5/8-111(B)(1) (West 2018) (After the Commission has entered a final order, a complainant may obtain judicial review by filing a petition for review in the Appellate Court within 35 days of service of the decision).

¶ 12      On December 5, 2019, this court dismissed this case for want of prosecution after petitioner failed to file a brief within the time prescribed by Supreme Court Rule 343(a) (eff. July 1, 2008). On December 26, 2019, petitioner filed a motion to reconsider, stating that he "didn't move quick enough, [but] never intend[ed] not to prosecute." On January 7, 2020, this court allowed petitioner's motion to reconsider, vacated the order dismissing this case, and ordered petitioner to

file his brief by January 27, 2020. On that date, petitioner filed his brief, wherein he stated that he thought the Commission would automatically provide a record, but he had not received the record on appeal in this case. He requested that this court "make this situation right, possibly by striking this so-called Appellant's Brief due to its failure and possibility to provide record cites" and "enter an order setting forth 'due dates' with an opportunity to file a proper brief."

¶ 13 As an initial matter, we address petitioner's brief, which fails to comply with the requirements of Supreme Court Rule 341 (Ill. S. Ct. R. 341 (eff. May 25, 2018)). Among other deficiencies, petitioner's brief fails to include a statement of jurisdiction, points and authorities, or to identify an issue for this court to review. See Ill. Sup. Ct. R. 341 (h)(1), (3), (4). In addition, petitioner's brief fails to include a statement of facts of the proceedings below, or a legal argument. See Ill. Sup. Ct. R. 341 (h)(6), (7). As the relief sought, petitioner requests that this court strike his own brief. See Ill. Sup. Ct. R. 341 (h)(8). He requests the opportunity to file a "proper brief." We point out that petitioner filed his opening brief after this court allowed his motion to reconsider, vacated its order dismissing this case for want of prosecution, and allowed him additional time to file his brief. Although petitioner is proceeding *pro se*, "he is held to the same standard as a licensed attorney and must comply with the same rules." *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 16 (citing *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78).

¶ 14 Our supreme court's procedural rules governing appellate briefs and procedure are mandatory and necessary for the proper and efficient administration of the courts. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8; *In re Marriage of Kiferbaum*, 2014 IL App (1st) 130736, ¶20. Rule 341 requires a statement of facts in order to provide this court with the facts necessary for an understanding of the case, "without argument or comment, and with appropriate reference to the pages of the record." Ill. S. Ct. R. 341 (h)(6). Rule 341 further requires a statement of the argument

on appeal, and support with citation to the record and relevant legal authority. Ill. S. Ct. R. 341 (h)(7); see *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875 (1st Dist. 2010) (this court is not a depository in which the burden of argument and research may be dumped).

¶ 15    The purpose of the rules is to require parties to present clear and orderly arguments so that the reviewing court may properly ascertain and dispose of the issues involved. *Ammar*, 2017 IL App (1st) 162931, ¶ 11; *LaGrange Memorial Hospital v. St. Paul Ins. Co.*, 317 Ill. App. 3d 863, 876 (1st Dist. 2000). Ill-defined and insufficiently presented issues that do not satisfy the rule are considered waived. *Gandy*, 406 Ill. App. 3d at 875; *Express Valet, Inc. v. City of Chicago*, 373 Ill. App. 3d 838, 855 (1st Dist. 2007). In fact, for these violations, this court may not only consider arguments waived, but may strike a brief in its entirety and dismiss the appeal. *In re Marriage of Kiferbaum*, 2014 IL App (1st) 130736, ¶21; see *Zale v. Moraine Valley Cmty. College*, 2019 IL App (1st) 190197, ¶ 32. However, we may reach the merits where we have the benefit of a cogent brief from the opposing party and the issues presented can be easily resolved. See *id.*; *Stolfo v. KinderCare Learning Ctrs., Inc.*, 2016 IL App (1st) 142396, ¶ 19.

¶ 16    It is a civil rights violation under the Act to discriminate on the basis of race or disability in a real estate transaction or in the rental of a dwelling. 775 ILCS 5/3-102(B), 102.1(B) (West 2016). It also is a civil rights violation to retaliate against a person because "he or she has made a charge" of unlawful discrimination or retaliation. 775 ILCS 5/6-101(A) (West 2016). Under the Act, a person who is aggrieved by an alleged civil rights violation may file a charge of discrimination and retaliation with the Department. See 775 ILCS 5/7A-102(A); 775 ILCS 5/7B-102(A) (West 2016). The charge must be made "in writing" and signed by the complainant "under oath or affirmation." 775 ILCS 5/7A-102(A)(1) (West 2016); 775 ILCS 5/7B-102(A)(1) (West 2016). Where a charge is unnotarized or lacking an element, it is unperfected. *Muraoka v. Human*

*Rights Comm'n*, 252 Ill. App. 3d 1039, 1046 (1st Dist. 1993). The Department must give notice of the missing element, but need not proceed with investigating the allegations in the charge until it has been perfected. *Id.* at 1045; *Gonzalez v. Human Rights Comm'n*, 179 Ill. App. 3d 362, 370 (1st Dist. 1989) (Requiring a complainant to make his allegations under oath may minimize frivolous filings). A complainant who fails or refuses to perfect a charge may have their charge dismissed. See 56 Ill. Admin. Code §§ 2520.330, 2550.350, 2520.560; *Gonzalez*, 179 Ill. App. 3d at 371 (noting that, if a complainant waited an "unreasonable amount of time before furnishing the oath he may not have been entitled to proceed" and if he "never supplied the oath, nothing more would have happened.").

¶ 17    If the Department dismisses a charge, then the complainant may request review of the dismissal from the Commission. 775 ILCS 5/8-103(A) (West 2016). The Commission's final decision is subject to direct administrative review by this court. See 775 ILCS 5/8-111(B)(1) (West 2016). On appeal, we review the Commission's order sustaining the Department's dismissal, and not the Department's decision itself. *Marinelli v. Human Rights Comm'n*, 262 Ill. App. 3d 247, 253 (2d Dist. 1994). The Commission's decision to sustain the dismissal of a charge of discrimination is reviewed for an abuse of discretion. *Young v. Illinois Human Rights Comm'n*, 2012 IL App (1st) 112204, ¶ 33; *Owens v. Department of Human Rights*, 403 Ill. App. 3d 899, 917 (1st Dist. 2010).

¶ 18    In this case, the Commission sustained the Department's dismissal of petitioner's charge of unlawful discrimination and retaliation against Cornerstone because he failed to perfect his charge. In its order, the Commission noted that a charge of discrimination must be signed under oath or affirmation in order to be perfected, and the Department may not proceed with its investigation of the charge until it has been perfected. See *Muraoka*, 252 Ill. App. 3d at 1045;

*Gonzalez*, 179 Ill. App. 3d at 370. The Commission found that the Department properly dismissed petitioner's charge for failure to proceed because he failed to sign it under oath or affirmation, despite the Department's repeated attempts to have petitioner do so. The Commission noted that petitioner did not provide additional evidence regarding his failure to perfect his charge.

¶ 19     As previously noted, petitioner does not set forth any argument on appeal or point to anything in the record that demonstrates that the Commission erred in its order sustaining the dismissal of his charge. The record supports the finding that petitioner made an unperfected charge, and failed to sign it under oath or affirmation, despite the Department's repeated attempts to have him do so. 775 ILCS 5/7A-102(A)(1) (West 2016); 775 ILCS 5/7B-102(A)(1) (West 2016) (The charge must be made "in writing" and signed by the complainant "under oath or affirmation"). As such, we find that the Commission did not abuse its discretion in sustaining the Department's dismissal of the charge. Accordingly, we affirm the Commission's order affirming the Department's dismissal of petitioner's charge for failure to proceed with the charge.

¶ 20     Affirmed.