**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190073-U

Order filed August 13, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| *In re* MARRIAGE OF, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| SHERI L. KEANE, | ) | Will County, Illinois |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL M. KEANE, | ) | |
| | ) | Appeal No. 3-19-0073 |
| Respondent | ) | Circuit No. 17-D-774 |
| | ) | |
| (Gwendolyn J. Sterk, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Sheri L. Keane, | ) | Honorable |
| | ) | David Garcia |
| Respondent-Appellant). | ) | Judge, Presiding |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Schmidt and Wright concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Trial court lacked jurisdiction to consider untimely postjudgment motion. Appellate court lacks jurisdiction because notice of appeal was untimely.

¶ 2    The trial court granted petition of respondent Sheri Keane's former counsel, Gwendolyn Sterk, seeking $47,333.20 in attorney fees. Keane moved to reconsider, and on Sterk's motion, the trial court struck Keane's motion as untimely and dismissed the case. Keane appealed. We dismiss for lack of jurisdiction.

¶ 3                                          FACTS

¶ 4    Respondent Sheri Keane was represented in a dissolution of marriage action by petitioner Gwendolyn Sterk. Keane retained Sterk in 2015, at which time Keane signed a fee agreement and paid a $4800 retainer. Sterk filed Keane's petition for dissolution in May 2017 and Michael, Keane's now-former husband, filed a counter-petition in March 2018. Sheri Keane and Michael Keane entered into parenting and marital settlement agreements. A prove-up hearing on the petitions for dissolution took place on May 23, 2018. Keane testified that she signed the marital settlement agreement, which stated that the attorney fees were to be paid from the sale of the marital house. She acknowledged that she initialed the agreement but complained that she could not afford the $60,000 her attorney charged her. Keane admitted she signed Sterk's fee agreement but said it was not her expectation to pay $60,000.

¶ 5    The trial court entered a judgment of dissolution on May 24, 2018, incorporating the marital settlement agreement. The court ordered the marital residence, which was valued at $275,000, with a mortgage encumbrance of $140,000, to be sold and the proceeds to be evenly divided between Sheri Keane and Michael Keane. The trial court struck original language in the judgment order indicating that attorney fees were to be paid out of the house proceeds and added language stating that Sterk was to file a fee petition within 30 days.

2

¶ 6    Sterk filed a petition for attorney fees on May 30, 2018. Attached to the petition was the fee agreement signed by Keane in August 2015. The petition provided that Sterk would be the primary attorney on the case and that her fees were $375 per hour for out-of-court services, $400 for in-court services and $95 to $185 per hour for non-attorney services. Also attached was an affidavit from Sterk averring that the fees were customary, fair and reasonable. The attorney billing statements were not attached to the petition. Neither the petition nor the affidavit stated the total amount of fees due.

¶ 7    At a hearing on June 13, 2018, Keane sought an immediate court date as she was planning to move to North Carolina on June 20. An attorney from Sterk's firm argued that Sterk could not appear in the next few days and rejected the court's suggestion to appear that afternoon. Counsel argued that Sterk herself had to appear in court to discuss the fee petition and Sterk was unable to be present. On June 25, 2018, the trial court sought a new date because of a conflict it had and rescheduled the hearing for July 30.

¶ 8    An order was entered by agreement on July 26, 2018, continuing the hearing from July 30 to August 28, 2018. The order does not indicate who was present at the hearing and there is no report of proceedings in the record. On August 9, 2018, Keane filed an emergency notice of court date for August 10, 2018, with proof of delivery that she mailed notice to Sterk. The proof of delivery did not indicate when or where she mailed notice. Also on August 9, Keane filed an emergency motion, seeking a change of court date to sometime during her daughter's Thanksgiving or winter break. The proof of delivery indicated the motion was mailed to Sterk on August 10 but provided no other information.

¶ 9    On August 10, 2018, Keane filed an appearance, notice of court date for motion to be held on November 20, 2018, and a copy of her motion seeking to continue the fee petition hearing to

3

November 20. Proof of delivery for each document indicated they were hand delivered to Sterk on August 10, 2018, at noon. Later in the day on August 10, Keane filed a notice of court date for motion indicating a November 20, 2018, date for a hearing on the fee petition, and a copy of a motion seeking a revision in her qualified domestic relations order entered in her dissolution proceeding. Proof of delivery for those documents was left blank.

¶ 10 Keane appeared before the court on August 10, 2018, and sought a continuance for the August 28 hearing. Sterk was not present. As presented in her motion, Keane argued she could not be in Illinois on August 28 because her daughter was scheduled to start school in North Carolina on August 27. Keane explained that she contacted Sterk, who refused to change the court date. Keane again asked the court to continue the cause until November 20, 2018, when she and her daughter would be in Illinois for the Thanksgiving holiday. The court rejected Keane's request because she had failed to provide proper notice of the hearing to Sterk. The court struck Keane's motion to continue. The court also admonished Keane that if she failed to appear on August 28 as scheduled, Sterk would prevail. Keane re-noticed the motion to continue the hearing until November 20, 2018. A notice of court date was filed August 10 but there is no proof of delivery in the record.

¶ 11 On August 28, 2018, a hearing took place on the fee petition. Sterk did not appear. Counsel for Sterk informed the court Sterk had received a motion to continue from Keane with a November 20 presentment date. The court opted to hear the fee petition and found Sterk's fees were reasonable and customary for the local area. It entered a judgment in favor of Sterk and against Keane for $47,333.20. Sterk satisfied the judgment via a lien on Keane's share of proceeds from the sale of the marital house.

¶ 12    On November 20, 2018, Keane appeared in court claiming she had continued the cause from August 10 to November 20. The trial court disagreed and instructed Keane she was required to file something within 30 days of the judgment if she wished to challenge it. When the court realized its fee order was entered in August and not October, it advised Keane to seek legal assistance and ordered the case be taken off the call. On December 4, 2018, Keane again appeared, and the court told her that it had informed her at the last hearing that she would have to file a motion to reconsider the fees finding and provide proper notice to Sterk. Keane filed a motion to reconsider the same day, challenging them as excessive and unnecessary. Sterk filed a motion to strike and dismiss Keane's motion to reconsider. On January 18, 2019, the trial court heard and granted Sterk's motion, struck Keane's motion to reconsider and dismissed the case. Keane filed a notice of appeal on February 5, 2019.

¶ 13                                            ANALYSIS

¶ 14    On appeal, Keane argues that the trial court erred when it rejected her motion to reconsider the award of attorney fees. She challenges the fees as excessive. Before we consider the issue raised by Keane, we must determine our jurisdiction to decide it.

¶ 15    A party may file a motion to reconsider a judgment in a nonjury case within 30 days after the judgment is entered. 735 ILCS 5/2-1203(a) (West 2018). A trial court loses jurisdiction 30 days after it enters judgment unless a postjudgment motion is timely filed. *In re Marriage of Heinrich*, 2014 IL App (2d) 121333, ¶ 35. A trial court's ruling on an untimely postjudgment motion is void and must be vacated. *In re Marriage of Breslow*, 306 Ill. App. 3d 41, 56 (1999). A postjudgment motion that is not filed within 30 days does not toll the time to file a notice of appeal. *Lampe v. Pawlarczyk*, 314 Ill. App. 3d 455, 469 (2000). Where the notice of appeal is not filed within 30 days after the trial court enters its final judgment, the appellate court lacks jurisdiction

5

to hear the appeal. *In re Marriage of Sisk*, 258 Ill. App. 3d 388, 388 (1994). Jurisdiction is a matter of law subject to *de novo* review. *Stasko v. City of Chicago*, 2013 IL App (1st) 120265, ¶ 27 (citing *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 39).

¶ 16      On July 26, 2018, the trial court entered an order by agreement continuing the fee hearing to August 28, 2018. Although the record does not establish who was present at the hearing, the fact the continuance was by agreement suggests both Sterk and Keane were present. See *In re Marriage of Rolseth*, 389 Ill. App. 3d 969, 971 (2009) (agreed order is a record of parties' "private, contractual agreement" and is generally binding on the parties once entered).

¶ 17      Keane appeared on August 10, requesting the court continue Sterk's fee petition. Keane acknowledged the matter was set for August 28 but informed the court she could not attend on that date. The court told Keane that if she failed to appear on the date set for a hearing, Sterk would "win." The court explained to Keane that she had to provide Sterk three-days' notice of a court appearance and suggested she refile her motion to continue. The trial court struck Keane's motion for failure to provide notice to Sterk. Although Keane refiled a motion to continue to November 20, 2018, she never presented the motion and the cause was not continued. Keane did not appear at the August 28 hearing, despite the trial court's warning of the consequences of failing to appear, and the court granted Sterk's fee petition in its entirety.

¶ 18      Keane did not move for reconsideration of that ruling until December 4, 2018, more than 30 days after the fee petition order was entered. We acknowledge that Keane was self-represented and struggled to understand the complexities of the legal process. However, we must hold *pro se* litigants to the same standards to which we hold attorneys. See *Ammar v. Schiller, DuCanto and Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 16. We find Keane's motion to reconsider was untimely and the trial court lacked jurisdiction to consider it. See *Marriage of Breslow*, 306 Ill. App. 3d at

6

49 (trial court loses jurisdiction 30 days after judgment entered or timely postjudgment motion is filed).

¶ 19        Because Keane's motion to reconsider was untimely, her notice of appeal was untimely as well. Keane filed her notice of appeal on February 5, 2019, after the trial court struck her motion to reconsider on January 18, 2019. However, the August 28, 2018, order was the final order entered by the court on Sterk's fee petition. The fee order should have been appealed within 30 days of its entry. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017) (notice of appeal must be filed within 30 days of judgment appealed). Keane's untimely motion to reconsider did not toll the time for the filing the notice of appeal. See *Lampe*, 314 Ill. App. 3d at 469 (untimely postjudgment motion does not extend time to file notice of appeal). Because Keane did not timely file a notice of appeal, we lack jurisdiction and dismiss the appeal.

¶ 20                                             CONCLUSION

¶ 21        For the foregoing reasons, the appeal is dismissed.

¶ 22        Appeal dismissed.